**COMMONWEALTH of Pennsylvania,**
**Appellee,**

v.

**Alonzo Robert BOYD, Appellant.**

Superior Court of Pennsylvania.

Submitted June 16, 2003.

Filed Nov. 3, 2003.

Alonzo R. Boyd, appellant, pro se.

Bradley H. Foulk, Asst. Dist. Atty., Erie and Jerome T. Foerster, Asst. Dist. Atty., Harrisburg, for Com., appellee.

Before: HUDOCK, BENDER and TAMILIA, JJ.

BENDER, J.

¶ 1 Alonzo Robert Boyd (Appellant) appeals from the order denying his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541–9546.  Appel-

lant makes several allegations of error. After review, we conclude that counsel did render ineffective assistance. And for the following reasons, we affirm in part and reverse in part.

¶ 2 The same trial judge presided over Appellant's guilty plea hearing as well as Appellant's sentencing and PCRA proceedings. The court set forth the facts of this case as follows:

Appellant was charged with six counts of Delivery of a Controlled Substance. On May 5, 1999, Appellant pled guilty to four counts and in exchange the Commonwealth withdrew two counts, all at the above docket number. On June 22, 1999, Appellant was sentenced to eight and one-half (8½) to seventeen (17) years incarceration, plus [a $5,000 fine], costs and $3,240.00 in restitution. Appellant filed a Motion to Modify Sentence on June 29, 1999 that was denied by Order dated July 7, 1999. On August 5, 1999, Appellant filed a Notice of Appeal. The Pennsylvania Superior Court affirmed Appellant's sentence on March 28, 2000.

On August 10, 2000, Appellant filed a Motion for Post Conviction Collateral Relief that was denied by Order dated September 27, 2000. Appellant filed a notice of Appeal on October 23, 2000. By Order dated July 12, 2001, the Pennsylvania Superior Court remanded the case for appointment of counsel and to allow Appellant to file an Amended PCRA Petition. On July 24, 2001, PCRA counsel was appointed and Appellant was given sixty (60) days to file an Amended PCRA Petition.

On September 24, 2001, PCRA counsel filed a "no merit letter" and a Motion to Withdraw as Counsel. On September 28, 2001, Appellant filed a *pro se* Motion for Extension of Time Nunc Pro Tunc to file an Amended PCRA Petition *pro se*. On October 5, 2001, an Order

was issued granting PCRA counsel's Motion to Withdraw as Counsel, denying Appellant's *pro se* Motion to Withdraw Appointed Counsel as being moot and denying Petitioner's *pro se* Motion for Extension of Time to File an Amended PCRA petition. On October 22, 2001, Appellant filed a Notice of Appeal from the Order denying his Motion for Extension of Time to File an Amended PCRA petition. On March 21, 2002, the Pennsylvania Superior Court quashed Appellant's appeal because it was from an interlocutory order and not immediately appealable.

On October 4, 2002, Appellant filed a Supplemental Motion for PCRA Relief. A Notice of Intent to Dismiss P.C.R.A. Pursuant to Pa.R.Crim.P. 907(1) was filed on October 29, 2002. By Order dated November 19, 2002, Appellant's Motion for PCRA Relief was denied. Appellant filed a timely Notice of Appeal on November 27, 2002. On December 16, 2002, Appellant filed a Statement of Matters Complained of on Appeal. This Opinion is in response thereto.

Trial Court Opinion (T.C.O.), 1/30/03, at 1–2. Instantly, Appellant has presented the following five questions for our review:

1. Whether Appellant was denied his sixth amendment right to effective assistance of counsel when guilty plea counsel failed to demur/object to Commonwealth's failure to prove that Appellant caused $3,240.00 in damages and when appellate counsel failed to raise this claim on appeal.

2. Whether Appellant was denied his sixth amendment right to effective assistance of counsel when guilty plea counsel failed to object/demur when Commonwealth failed to establish a victim within the meaning of Restitution Statute (18 Pa.C.S. § 1106).

3. Whether Appellant was denied his sixth amendment right to effective assistance of counsel when guilty plea counsel permitted Appellant, a mentally retarded person, to enter a guilty plea and when appellate counsel failed to raise this claim on appeal.

4. Whether Appellant was denied effective assistance of counsel when guilty plea counsel failed to request dismissal of charges on grounds of entrapment and when appellate counsel failed to raise this claim in appeal.

5. Whether post conviction review court erred when it failed to hold an evidentiary hearing and when it failed to recuse itself.

Brief for Appellant at vii.

■ ¶ 3 "Our review of a post-conviction court's grant or denial of relief is limited to determining whether the court's findings are supported by the record and the court's order is otherwise free of legal error." *Commonwealth v. Yager*, 454 Pa.Super. 428, 685 A.2d 1000, 1003 (1996) (en banc). "The findings of the post-conviction court will not be disturbed unless they have no support in the record." *Commonwealth v. Bell*, 706 A.2d 855, 859 (Pa.Super.1998).

■ ¶ 4 When an appellant pleads guilty to the charges against him or her, the grounds for appeal are limited.

It is well settled that, where a guilty plea has been entered, all grounds of appeal are waived other than challenges to the voluntariness of the plea and the jurisdiction of the sentencing court. Thus allegations of ineffective assistance of counsel in connection with entry of the guilty plea will serve as a basis for relief only if the ineffectiveness caused appellant to enter an involuntary or unknowing plea.

*Commonwealth v. Williams*, 496 Pa. 486, 437 A.2d 1144, 1146 (1981) (quotation marks and citations omitted). Appellant's first two questions claim ineffective assistance of counsel (IAC).

¶ 5 Before we address the merits of these issues we must first address the Commonwealth's claim that we are without jurisdiction to consider these claims because they are time-barred, as they were presented in a supplement to Appellant's PCRA petition, and he filed the supplement more than one year after his judgment of sentence became final. *See* 42 Pa.C.S. § 9545(b). *See also Commonwealth v. Merritt*, 827 A.2d 485, 487 (Pa.Super.2003) (stating that the PCRA's timeliness requirements are jurisdictional in nature). It is not disputed that Appellant's PCRA petition, filed on August 10, 2000, was timely. However, after several procedural steps, Appellant filed a supplement to his timely petition, and the PCRA court considered it as part of his timely petition. Notice of Intent to Dismiss, 10/29/02, at 2–3 (stating that the facts of this case indicate [that] the Supplemental PCRA Petition was merely an extension of the litigation of Petitioner's first PCRA Petition").

¶ 6 Importantly, by the time that the PCRA court considered the supplement, it had already denied Appellant's timely petition, he had appealed to this Court, and we vacated the denial of the petition and remanded for the appointment of counsel. After counsel was appointed on remand, counsel did not file an amended petition, but instead filed a no-merit letter and moved to withdraw from representing Appellant pursuant to *Turner/Finley*. *See Commonwealth v. Turner*, 518 Pa. 491, 544 A.2d 927 (1988); *Commonwealth v. Finley*, 379 Pa.Super. 390, 550 A.2d 213 (1988) (en banc). The court permitted counsel to withdraw, and thus Appellant was again

left to proceed *pro se.* Following these events, Appellant filed his supplement and the PCRA court considered it. We conclude that this was well within the court's discretion.

¶ 7 Pursuant to the Pennsylvania Rules of Criminal Procedure, a PCRA court "may grant leave to amend or withdraw a petition for post-conviction collateral relief at *any* time." Pa.R.Crim.P. 905(A) (emphasis added). The rule further states that "[a]mendment shall be freely allowed to achieve substantial justice." *Id.* In interpreting this rule, we have stated that it "expressly allows a trial court substantial latitude to permit the amendment of the petition at any time after the petition's initial filing." *Commonwealth v. Padden,* 783 A.2d 299, 308 (Pa.Super.2001).

¶ 8 After his counsel withdrew, Appellant moved for an extension of time to file an amended petition. Although the court denied this motion, it subsequently accepted the supplement to the PCRA petition, which was essentially a reconsideration of its earlier decision to deny Appellant's motion for an extension of time to file an amended petition. Appellant's supplement contained issues that were not included in his timely PCRA petition. Thus, by permitting Appellant to file a supplement, and in considering the supplement, the PCRA court effectively allowed Appellant to amend his petition to include those issues presented in the supplement. Based on this procedural posture, we conclude that the PCRA court's actions were well within its discretion and were in furtherance of achieving substantial justice for a PCRA petitioner who was proceeding *pro se.* Consequently, the PCRA court properly considered the supplement as part of Appellant's original petition, and we have jurisdiction to review the merits of the claims raised therein.

¶ 9 We now return to addressing the first two questions raised by Appellant, both of which assert IAC in connection with his sentence.

Upon entry of a guilty plea, a defendant generally waives all defects and defenses except those concerning the validity of the plea, the jurisdiction of the trial court, and the legality of the sentence imposed. However, when the plea agreement is open, containing no bargain for a specific or stated term of sentence, the defendant will not be precluded from appealing the discretionary aspects of his sentence.

*Commonwealth v. Guth,* 735 A.2d 709, 711 n. 3 (Pa.Super.1999) (citation omitted).

¶ 10 When reviewing ineffective assistance of counsel claims, we begin with the presumption that counsel was effective. *Commonwealth v. Duda,* 831 A.2d 728, 732 (Pa.Super.2003).

To prevail on a claim of ineffectiveness of counsel, an appellant must demonstrate that: (1) the underlying claim is of arguable merit; (2) counsel's course of conduct was without a reasonable basis designed to effectuate his interest; and (3) ... he was prejudiced by counsel's ineffectiveness, *i.e.,* if not for counsel's ineffectiveness, there is a reasonable probability that the outcome of the trial would have been different.

*Commonwealth v. Stanley,* 830 A.2d 1021, 1023–24 (Pa.Super.2003). Appellant's first and second questions arise from that part of his sentence in which the trial court ordered him to pay $3,240 in restitution to the Commonwealth for the amount that it expended on the drug purchases that formed the factual bases of the charges against Appellant.

¶ 11 First, Appellant claims that the Commonwealth failed to prove that Appellant caused $3,240.00 in damages. This claim is wholly devoid of merit. Ap-

pellant pled guilty to Counts two through five, and the Criminal Complaint sets forth the facts that support each count. They include the allegations that the Commonwealth expended $240, $1,000, and $2,000, in three drug purchases from Appellant. Criminal Complaint, 12/21/98, at 2. The sum of these amounts equals $3,240, which is the amount the court ordered Appellant to pay in restitution. During the guilty plea colloquy, Appellant expressly admitted his guilt to each of the foregoing counts, and concluded by signing a statement that admitted his guilt to the crimes charged in these counts. N.T., Guilty Plea Hearing, 5/5/99, at 19–22; Defendant's Statement of Understanding of Rights Prior to Guilty/No Contest Plea, 5/5/99. Consequently, there is no arguable merit to Appellant's claim that trial counsel should have objected to the Commonwealth's request for restitution or the sentence that ordered the restitution. Therefore, his first issue is without merit.

¶ 12 In his second question, Appellant makes another claim regarding the restitution. Namely, he argues that his trial counsel should have objected to the restitution because the Commonwealth failed to prove that it was a "victim" within the meaning of the restitution statute.[1] *See* 18 Pa.C.S. § 1106(h). The Commonwealth argues that it was a "victim" and that the cases cited by Appellant are distinguishable. Brief for Appellee at 9–10. We disagree.

¶ 13 Several years ago, this precise issue was before this Court in a case with facts substantially similar to the instant case. *See Commonwealth v. Mourar*, 349 Pa.Super. 583, 504 A.2d 197 (1986) (en banc). In *Mourar*, the trial court ordered the defen-

dant to pay restitution to the Pennsylvania Bureau of Drug Control and the Chester County Detectives Office. The restitution was for money expended by these agencies for the purchase of cocaine from the defendant.

¶ 14 We began by noting that 18 Pa.C.S. § 1106 defines restitution as:

The return of the property of the victim or payments in cash or the equivalent thereof pursuant to an order of the court.

18 Pa.C.S. § 1106(h). The statute also defined "victim" as follows:

Any person, except an offender, who suffered injuries to his person or property as a direct result of the crime.

*Mourar*, 504 A.2d at 205 (quoting the definition of "victim" in 18 Pa.C.S. § 1106(h) prior to its amendment by the legislature in 1995). We held "that a governmental agency can be a 'victim' as that term is used in 18 Pa.C.S. § 1106" and therefore, the order of restitution was proper. *Id.* at 206.

¶ 15 Almost ten years later, our Supreme Court addressed the issue of whether a governmental agency could be considered a victim under the restitution statute. *See Commonwealth v. Runion*, 541 Pa. 202, 662 A.2d 617 (1995). In *Runion*, the defendant had been ordered to pay restitution to the Pennsylvania Department of Public Welfare for the medical costs that resulted from the victim's treatment, who was on welfare at the time of the crime. *See id.* at 618. The Court noted several of our decisions regarding this issue, among which were *Mourar*, and it stated that "[w]hile none of these cases invoked the Statutory Construction Act to define per-

---

1. We note that while Appellant does not present this IAC claim in a layered fashion in his Statement of Questions involved, he does do so in the heading immediately preceding his argument as well as in the substance of his argument where he alleges the ineffectiveness of appellate counsel in addition to the ineffectiveness of trial counsel.

son [as that word is used in the definition of victim], we are now compelled to do so." *Id.* at 621. The *Runion* Court held "that a governmental agency of this Commonwealth may not be a victim for the purposes of restitution under the Crimes Code because such agencies are presently excluded from the definition of a 'person' under the Statutory Construction Act and thus, may not be considered as a victim [under 18 Pa.C.S. § 1106]." *Id.* at 618. The Court reasoned that for a Commonwealth entity to be considered a victim under 18 Pa.C.S. § 1106, the Pennsylvania legislature would have to amend the definition of the word "victim." *See id.* at 621 (stating, "Although we acknowledge that the primary purpose of the restitution statute is rehabilitative in nature, and that the lower court's decision in the matter below would achieve this goal, we also recognize that it is for the legislature, and not for this Court, to expand the meaning of the term 'victim' under 18 Pa.C.S. § 1106 so as to include governmental agencies of this Commonwealth.").

¶ 16 In 1995, the legislature did in fact amend the definition of "victim" in 18 Pa. C.S. § 1106, but it did not become effective until after *Runion* was decided. The revised definition for "victim" is as follows:

As defined in section 479.1 of the act of April 9, 1929 (P.L. 177, No. 175), known as The Administrative Code of 1929. The term includes the Crime Victim's Compensation Fund if compensation has been paid by the Crime Victim's Compensation Fund to the victim and any insurance company that has compensated the victim for loss under an insurance contract.

18 Pa.C.S. § 1106(h) (footnote omitted). The definition cross references section 479.1 of P.L. 177, No. 175, which was amended and is now codified at 18 Pa.C.S. § 11.103, and more specifically states:

"Victim." The term means the following:

(1) A direct victim.

(2) A parent or legal guardian of a child who is a direct victim, except when the parent or legal guardian of the child is the alleged offender.

(3) A minor child who is a material witness to any of the following crimes and offenses under 18 Pa.C.S. (relating to crimes and offenses) committed or attempted against a member of the child's family:

Chapter 25 (relating to criminal homicide).

Section 2702 (relating to aggravated assault).

Section 3121 (relating to rape).

(4) A family member of a homicide victim, including stepbrothers or stepsisters, stepchildren, stepparents or a fiancé, one of whom is to be identified to receive communication as provided for in this act, except where the family member is the alleged offender.

*Id.*

¶ 17 Most recently, Judge Tamilia, writing for a majority of this Court in *Commonwealth v. Figueroa*, 456 Pa.Super. 620, 691 A.2d 487 (1997), expounded upon our Supreme Court's holding in *Runion* and how it relates to the revised definition of "victim" in 18 Pa.C.S. § 1106.

Our Supreme Court, relying on the previous definition of 'victim', held that it is for the Legislature to expand the meaning of the term 'victim' to include government agencies of this Commonwealth, as the Department of Public Welfare is not a 'person' and as such may not be considered a victim. Specifically, the Court held a government agency may not be a victim for the purposes of restitution under the Crimes Code and it is the sole responsibility of the Legislature to expand the definition

of 'victim'. Furthermore, we note the revised definition of 'victim' simply expands the definition to include 'the Crime Victim's Compensation Fund if compensation has been paid by the [Fund] to the victim and any insurance company that has compensated the victim for loss under an insurance contract.' 18 Pa.C.S. § 1106(h). *Figueroa*, 691 A.2d at 489–90.

■ ¶ 18 Based on the foregoing, we conclude that the trial court's order of restitution payable to the Commonwealth was in error. Stated simply, the Commonwealth in this case does not qualify as a victim as that term is defined in 18 Pa.C.S. § 1106, nor is it entitled to restitution under any other provision of the statute.[2] In so holding, we recognize that we are departing from the precedent set by this Court in *Mourar*. However, we conclude that the holdings of *Runion* and *Figueroa* impel us to this result. Consequently, Appellant's trial counsel should have objected to the sentence, and there is no reasonable basis for him not having done so. Appellant was obviously prejudiced, as the result of counsel's ineffectiveness was Appellant's incurrence of a $3,240 debt to the Commonwealth. Accordingly, we reverse that part of the PCRA court's order that denied this IAC claim, and we vacate that part of Appellant's judgment of sentence that ordered him to pay restitution to the Commonwealth.

¶ 19 In the third question presented for our review, Appellant claims that his plea was involuntary and that counsel rendered ineffective assistance "when she failed to present evidence and alert the court of defendant's mental retardation." Brief for Appellant at 8. However, we have reviewed the extensive plea colloquy in this case and we have no doubt that Appellant's plea was entered knowingly and voluntarily. N.T., Guilty Plea Hearing, 5/5/99, at 7–30. As to Appellant's allegations regarding his mental deficiency, these claims are unsubstantiated by the record. Therefore, there is no merit to Appellant's third issue.

¶ 20 In his fourth question, Appellant claims that his trial counsel was ineffective for not seeking dismissal of the charges based on the defense of entrapment. Appellant pled guilty in this case, and "[u]pon entry of a guilty plea, a defendant generally waives all defects and defenses except those concerning the validity of the plea, the jurisdiction of the trial court, and the legality of the sentence imposed." *Guth*, 735 A.2d at 711 n. 3. However, "[i]f the ineffective assistance of counsel caused the defendant to enter an involuntary or unknowing plea, the PCRA will afford the defendant relief." *Commonwealth v. Lynch*, 820 A.2d 728, 732 (Pa.Super.2003).

■ ¶ 21 Clearly, after entering a guilty plea, Appellant's counsel could not have raised the defense of entrapment. Furthermore, Appellant does not argue that this alleged ineffectiveness caused him to enter an involuntary or unknowing plea.[3] Therefore, this issue is without merit.

2. We note that 18 Pa.C.S. § 1106(c)(1)(ii)(C) allows a court to order restitution payable to "[a]ny other government agency which has provided reimbursement to the victim as a result of the defendant's criminal conduct." However, it is not argued that the Commonwealth reimbursed a victim in this case, and therefore, this provision is inapplicable. A thorough discussion of the meaning of this provision is included in *Figueroa*, 691 A.2d at 489–90.

3. Although it is conceivable that under certain circumstances defense counsel may be deemed ineffective for failing to adequately discuss a possible defense with a defendant prior to the defendant pleading guilty, which ineffectiveness may render the plea unknowing, Appellant makes no such allegations or argument here.

¶ 22 In the final question presented for our review, Appellant claims that the trial judge erred in not recusing himself and in not holding an evidentiary hearing on this issue. "It is well-settled that a party seeking recusal or disqualification must raise the objection at the earliest possible moment, or that party will suffer the consequence of being time barred." *Commonwealth v. Stafford*, 749 A.2d 489, 501 (Pa.Super.2000) (quotation marks and citations omitted). The trial court's opinion states that it was never presented with a motion to recuse. T.C.O., 1/30/03, at 4. And Appellant does not direct us to any location in the record that reflects that he filed such a motion, nor does he even allege that he did so. Consequently, this issue is waived.

¶ 23 Order **AFFIRMED IN PART** and **REVERSED IN PART**. Judgment of sentence **VACATED** as to restitution only.