J-S40034-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| WILFREDO CABALLERO | |
| Appellant | No. 2272 MDA 2013 |

Appeal from the PCRA Order November 21, 2013
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0000727-1989

BEFORE:  BENDER, P.J.E., BOWES, J., and PANELLA, J.

MEMORANDUM BY PANELLA, J.:                           **FILED AUGUST 20, 2014**

Appellant, Wilfredo Caballero, appeals from the order dismissing his petition pursuant to the Post Conviction Relief Act ("PCRA").  After careful review, we remand.

On August 30, 1990, Caballero was convicted of committing first degree murder as a 14-year-old.  The trial court sentenced Caballero to life imprisonment without the possibility of parole.  Caballero concedes that he has filed previous PCRA petitions, but filed a *pro se* petition on September 5, 2012, asserting that his sentence was illegal pursuant to the United States Supreme Court decision in *Miller v. Alabama*, 132 S.Ct. 2455 (2012).  On October 30, 2013, the Supreme Court of Pennsylvania held that *Miller* was not retroactive, and therefore offered no relief to petitioners, such as

Caballero, whose sentences were already final. **See Commonwealth v. Cunningham**, 81 A.3d 1 (Pa. 2013).

Caballero filed a counseled motion to amend his PCRA petition, presenting additional arguments based upon **Cunningham**, specifically, upon Chief Justice Castille's concurring opinion. One week later, the PCRA court entered the instant order, dismissing Caballero's "Post Conviction Collateral Relief Petition filed September 5, 2012." The PCRA court's order does not reference the pending motion to amend.

On appeal, Caballero argues that the PCRA court erred by not addressing the issues raised in his motion to amend and requests a remand.[1] Under the Rules of Criminal Procedure, Rule 905(A), a PCRA court may grant leave to amend a petition "at *any* time." **Commonwealth v. Boyd**, 835 A.2d 812, 816 (Pa. Super. 2003) (emphasis in original) (citation omitted). Amendment of a petition should be "freely allowed to achieve substantial justice." **Id**. (citation omitted). Rule 905(A) has been

_____

[1] The Commonwealth argues that Caballero has waived the PCRA court's failure to address the issues raised in his motion to amend by failing to include this argument in his Concise Statement of Matters pursuant to R.A.P. 1925. However, our review of the Concise Statement reveals that Caballero does challenge the PCRA court's failure to grant relief upon arguments contained only in his motion to amend. **See** Concise Statement of Errors Complained of on Appeal, 1/15/2014, at ¶ 1 (arguing that his sentence violates Article I, Section 13 of the Pennsylvania Constitution); ¶ 2 (arguing that **Cunningham** has created an "uneven state law effect" and therefore his sentence violates the U.S. and Pennsylvania Constitutions); ¶ 3 (arguing that **Cunningham** has foreclosed relief pursuant to the PCRA and as a result requesting *habeas corpus* relief).

interpreted to "expressly allow[] a trial court substantial latitude to permit the amendment of the petition at any time after the petition's initial filing." *Id*. (citation omitted).

Here, there is no indication that the PCRA court was aware, let alone considered, Caballero's motion to amend his PCRA petition. As the PCRA court has "substantial latitude" in whether to grant amendment, we must remand this case back to the PCRA court to consider and explicitly rule on Caballero's motion to amend.

Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/20/2014