J. S27015/15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
   :        PENNSYLVANIA
            v.   :
   :
ANTHONY CIANCI,   :      No. 1132 EDA 2014
   :
       Appellant   :

Appeal from the Judgment of Sentence, March 13, 2014,
in the Court of Common Pleas of Delaware County
Criminal Division at No. CP-23-CR-0003800-2008

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
   :        PENNSYLVANIA
            v.   :
   :
ANTHONY CIANCI,   :      No. 1172 EDA 2014
   :
       Appellant   :

Appeal from the Judgment of Sentence, March 13, 2014,
in the Court of Common Pleas of Delaware County
Criminal Division at No. CP-23-CR-0005205-2010

BEFORE: FORD ELLIOTT, P.J.E., STABILE AND FITZGERALD,* JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:       **FILED MAY 29, 2015**

Appellant appeals the judgment of sentence imposed following a finding that he was in violation of probation for two separate prior sentences of probation. Finding no merit in the issue raised on appeal, we affirm.

On August 18, 2008, at trial court docket number CP-23-CR-0003800-2008, appellant pleaded guilty to criminal mischief and was sentenced to a

_____

* Former Justice specially assigned to the Superior Court.

term of probation. On September 15, 2010, at trial court docket number CP-23-CR-0005205-2010, appellant pleaded guilty to recklessly endangering another person and resisting arrest and was sentenced to a term of probation. On March 13, 2014, following a *Gagnon II* hearing,[1] appellant was found to be in violation of both sentences of probation by a February 5, 2014 conviction for aggravated assault. Immediately thereafter, the court imposed an aggregate sentence of 18 to 36 months' imprisonment. This timely appeal followed.

On appeal, counsel for appellant, Patrick J. Conners, Esq., has filed a petition to withdraw and accompanying *Anders* brief.[2] Counsel raises a single issue, questioning whether appellant's sentence was excessive. As counsel has filed a petition to withdraw, we note that "[w]hen presented with an *Anders* brief, this court may not review the merits of the underlying issues without first passing on the request to withdraw." *Commonwealth v. Daniels*, 999 A.2d 590, 593 (Pa.Super. 2010), citing *Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa.Super. 2007) (*en banc*) (citation omitted).

> In order for counsel to withdraw from an appeal pursuant to *Anders*, certain requirements must be met, and counsel must:

---

[1] *Gagnon v. Scarpelli*, 411 U.S. 778 (1973).

[2] *See Anders v. California*, 386 U.S. 738 (1967), and *Commonwealth v. McClendon*, 434 A.2d 1185 (Pa. 1981).

(1)     provide a summary of the procedural history and facts, with citations to the record;

(2)     refer to anything in the record that counsel believes arguably supports the appeal;

(3)     set forth counsel's conclusion that the appeal is frivolous; and

(4)     state counsel's reasons for concluding that the appeal is frivolous.  Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Id.*, quoting ***Commonwealth v. Santiago****,* 978 A.2d 349, 361 (Pa. 2009).

Upon review, we find that Attorney Conners has complied with all of the above requirements.  In addition, Attorney Conners served appellant a copy of the ***Anders*** brief, and advised him of his right to proceed ***pro se*** or hire a private attorney to raise any additional points he deemed worthy of this court's review.  Appellant has not responded to counsel's motion to withdraw.  As we find the requirements of ***Anders*** and ***Santiago*** are met, we will proceed to the issue on appeal.

With respect to discretionary aspect of sentencing challenges, the Pennsylvania Rules of Appellate Procedure require that:

An appellant who challenges the discretionary aspects of a sentence in a criminal matter ***shall*** set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a

> sentence. The statement **shall** immediately precede the argument on the merits with respect to the discretionary aspects of sentence.
>
> Pa.R.A.P. 2119(f) (emphasis added). Appellant has failed to include the requisite Rule 2119(f) statement. A failure to include the Rule 2119(f) statement does not automatically waive an appellant's argument; however, we are precluded from reaching the merits of the claim when the Commonwealth lodges an objection to the omission of the statement. **Commonwealth v. Hudson**, 820 A.2d 720, 727 (Pa.Super. 2003).

**Commonwealth v. Bruce**, 916 A.2d 657, 666 (Pa.Super. 2007), **appeal denied**, 932 A.2d 74 (Pa. 2007).

Appellant's brief on appeal does not include a Rule 2119(f) statement; however, as the Commonwealth has failed to object, we do not find this issue to be waived. Additionally, it does not appear that appellant filed any post-sentence motion challenging his sentence. However, as this is an **Anders** matter, in the interest of judicial economy we will review the sentencing claim.

Appellant's argument is as follows:

> Counsel believes an issue of arguable merit exists as to whether that [sentence] is excessive under the circumstances.
>
> But in light of [appellant's] agreement to not only the violation but the recommendations of the parole/probation officer [as to the sentence], this issue is clearly frivolous.

Appellant's brief at 4.

Appellant effectively "pleaded guilty" and accepted the 18 to 36-month sentence recommended by the probation officer. A challenge to the discretionary aspects of sentence may be mounted following a guilty plea, so long as the plea did not include a negotiated sentence. ***Commonwealth v. Boyd***, 835 A.2d 812, 816 (Pa.Super. 2003). Here, however, appellant did not oppose the proposed sentence:

> [DEFENSE COUNSEL]: Your Honor, we would ask that – well, we don't oppose the 18 to 36. We'd ask that it run concurrent, Your Honor. My client is currently – he has about five and a half years to do before his minimal time on the case he's in now, Your Honor. And probably won't get out any time around that time, probably after that. While he's in prison, Your Honor, he is attempting to get his GED. He is on the list to try to get work there. He does have a four-year-old daughter, who lives with her mother right now. He is a resident – when he's here, a resident of Upper Darby where his family is at right now. We'd ask the Court to consider that, Your Honor, in evaluating this.
>
> THE COURT: All right. Would your client like to be heard?
>
> [DEFENSE COUNSEL]: Would you like to be heard, Mr. Cianci?
>
> THE DEFENDANT: No, I believe you covered it.

Notes of testimony, 3/13/14 at 5-6.

While appellant requested that the 18 to 36-month sentence be imposed concurrently to his present sentence, his acceptance of the

sentence clearly was not contingent upon concurrent sentencing.[3]  Thus, we find that appellant effectively pleaded guilty and accepted the proposed sentence of 18 to 36 months' imprisonment.  Under these circumstances, he cannot now be heard to complain that the sentence is excessive.  Upon our independent review, we find that the issue raised on appeal is frivolous, and that there are no other issues of arguable merit.

Judgment of sentence affirmed.  Counsel permitted to withdraw.

Judgment Entered.

Joseph                    D.                    Seletyn,                    Esq.
Prothonotary

Date: 5/29/2015

---

[3] The 18 to 36-month sentence was imposed consecutively to appellant's present sentence.  (Notes of testimony, 3/13/14 at 7.)