J-S83024-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
JONATHAN P. GERSTEMEIER :
:
Appellant : No. 1454 EDA 2017

Appeal from the Judgment of Sentence April 6, 2017
In the Court of Common Pleas of Montgomery County Criminal Division at
No(s):  CP-46-CR-0003524-2016

BEFORE:  GANTMAN, P.J., OLSON, J., and DUBOW, J.

JUDGMENT ORDER BY OLSON, J.:                    **FILED MARCH 08, 2018**

Appellant, Jonathan P. Gerstemeier, appeals from the judgment of

sentence entered on April 6, 2017 in the Criminal Division of the Court of

Common Pleas of Montgomery County.  We affirm.

The trial court summarized the relevant facts as follows:

[Appellant] entered a guilty plea on April 6, 2017, to one count
of failure to provide accurate registration information.  [18
Pa.C.S.A. § 4915.1(a)(3).]  The plea agreement included a
negotiated sentence of three to eight years in prison.
[Appellant] twice acknowledged on the record his understanding
that the term of imprisonment would be three to eight years.
[The trial court] accepted the guilty plea and imposed the agreed
sentence.

[Appellant] did not file a post-sentence motion.  [Instead, h]e
filed a *pro se* notice of appeal that was docketed on May 8,
2017.  In a separate document filed that same day, [Appellant]
requested, *inter alia*, the appointment of appellate counsel.

[The trial] court appointed the Public Defender's Office to
represent [Appellant] on direct appeal and subsequently ordered

the [filing] of a concise statement of errors in accordance with Pennsylvania Rule of Appellate Procedure 1925(b). [Appellant], through appellate counsel, timely complied with that directive.

Trial Court Opinion, 6/30/17, at 1-2.

On appeal, Appellant challenges the discretionary aspects of his sentence. *See* Appellant's Brief at 8. Specifically, Appellant asserts that, at the time he entered his guilty plea, he understood that his sentence would be three to six years' imprisonment; therefore, the trial court abused its discretion in sentencing him to three to eight years. *Id.* at 14. Given the precise claim raised by Appellant and our disposition of his contention, we shall dispense with the recitation of our standard and scope of review, as well as the four-step procedure for raising and preserving a challenge to the discretionary aspects of a sentence.

"[W]hen a defendant enters a guilty plea, he or she waives all defects and defenses except those concerning the validity of the plea, the jurisdiction of the trial court, and the legality of the sentence imposed." *Commonwealth v. Stradley*, 50 A.3d 769, 771 (Pa. Super. 2012), *citing Commonwealth v. Boyd*, 835 A.2d 812, 819 (Pa. Super. 2003). "When [a] plea agreement contains a negotiated sentence which is accepted and imposed by the sentencing court, there is no authority to permit a challenge to the discretionary aspects of that sentence." *Commonwealth v. Morrison*, 173 A.3d 286, 290 (Pa. Super. 2017) (citations and quotation marks omitted).

Because Appellant entered a guilty plea that included a negotiated term of incarceration, he cannot challenge the discretionary aspects of his sentence on appeal. Even though Appellant argues in his brief that he understood his sentence would be three to six years' imprisonment, Appellant twice acknowledged during his plea colloquy that he understood his sentence would be three to eight years' imprisonment. **See** N.T. Sentencing, 4/6/17, at 8 and 12. Following this exchange, the court accepted Appellant's guilty plea and sentenced him to the agreed sentence. Appellant, therefore, is precluded from challenging the discretionary aspects of his sentence. **See Commonwealth v. Reichle,** 589 A.2d 1140, 1141 (Pa. Super. 1991) ("Permitting a discretionary appeal following the entry of a negotiated plea would undermine the designs and goals of plea bargaining, and would make a sham of the negotiated plea process.").[1] Accordingly, Appellant is not entitled to relief.

---

[1] In his concise statement of matters complained of on appeal, Appellant asserted that he "did not receive the benefit of his bargain" when he was sentenced to three to eight years' imprisonment as he was offered three to six years' imprisonment in exchange for his guilty plea. **See** Appellant's Concise Statement. Thus, Appellant arguably raised a claim that his guilty plea was not entered knowingly, intelligently and voluntarily. However, at no time did Appellant seek to withdraw his guilty plea before the trial court; moreover, his brief before this Court Appellant challenges only the discretionary aspects of his sentence. Thus, any argument that his plea was not knowing, intelligent and voluntary is undeveloped and, therefore, waived. **See** Pa.R.A.P. 2119(a)(requiring argument section to contain discussion and citation of authorities as deemed pertinent); **see also** Pa.R.A.P. 2101 (permitting dismissal of matter where defects in briefs are substantial).

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/8/18