J-A26041-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| QUINZEL SMITH | : | |
| Appellant | : | No. 1649 EDA 2021 |

Appeal from the PCRA Order Entered July 21, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0008432-2014

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| QUINZEL SMITH | : | |
| Appellant | : | No. 167 EDA 2023 |

Appeal from the PCRA Order Entered July 21, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0003774-2014

BEFORE: BOWES, J., KING, J., and PELLEGRINI, J.[*]

MEMORANDUM BY BOWES, J.: **FILED MARCH 23, 2023**

Quinzel Smith appeals the July 21, 2021 order dismissing his petition pursuant to the Post-Conviction Relief Act ("PCRA"). We vacate and remand.

Appellant's convictions concern two separate robberies that he was convicted of perpetrating in Philadelphia, Pennsylvania. At CP-51-CR-

---

[*] Retired Senior Judge assigned to the Superior Court.

0003774-2014 ("Case No. 3774"), Appellant robbed an individual named David Engle at gunpoint with the assistance of two co-conspirators at the corner of 47th Street and Kingsessing Avenue. At CP-51-CR-0008432-2014 ("Case No. 8432"), Appellant committed a similar "stick-up" robbery of a husband and wife, Dongjie Ji and Ran Liu, at the corner of 45th Street and Spruce Street with the help of one co-conspirator. These two incidents occurred within approximately one week of each other in March 2014.

Ultimately, Appellant was arrested and charged with similar offenses at both docket numbers, including robbery, criminal conspiracy, and possession of an instrument of crime ("PIC"). These cases were consolidated for a jury trial, which was held from February 10 through February 12, 2016. At Case No. 3774, Appellant was convicted of conspiracy to commit robbery. At Case No. 8432, Appellant was convicted of two counts of robbery and one count each of criminal conspiracy and PIC. Appellant was sentenced to an aggregate term of twenty to forty years of incarceration at all counts.[1]

Appellant filed a consolidated direct appeal in both cases. This Court affirmed his judgments of sentence and our Supreme Court denied Appellant's subsequent request for allowance of appeal on September 4, 2019. *See Commonwealth v. Smith*, 216 A.3d 433 (Pa.Super. 2019) (unpublished

---

[1] Specifically, Appellant received concurrent terms of ten to twenty years of imprisonment for each robbery count and a concurrent term of ten to twenty years of imprisonment for conspiracy at Case No. 8432. No further punishment was imposed. At Case No. 3774, Appellant was sentenced to a term of ten to twenty years of imprisonment with as to his robbery conviction. The sentences at each case were set to run consecutively to one another.

memorandum at 1-7), *appeal denied*, 217 A.3d 799 (Pa. 2019). Appellant did not seek review in the United States Supreme Court and his time to do so expired on December 3, 2019. **See** U.S. Sup. Ct. Rule 13(1).

On June 13, 2020, Appellant filed a timely *pro se* PCRA petition listing both above-captioned cases. PCRA counsel was duly appointed and an amended petition was filed on Appellant's behalf raising a claim of ineffective assistance of trial counsel for failing to call an alibi witness named David Tingle, who was one of Appellant's co-conspirators in the robbery at Case No. 8432 and had provided information to police that inculpated Appellant in that crime. **See** Amended PCRA Petition, 2/5/21, at 1-7 (unpaginated); **Smith**, **supra** at 1-2. Thereafter, Appellant submitted a supplemental filing identifying a second such alibi witness named Monique Johnson, who is Appellant's mother.[2] **See** Supplemental Motion, 3/19/21, at 4-5 (unpaginated). Appellant also filed a certification pursuant to Pa.R.Crim.P. 902(A)(15) providing contact information and a basic description of the testimony offered by each witness. **Id**. at 5. Overall, Appellant averred Mr.

---

[2] Appellant did not seek explicit approval prior to submitting his March 19, 2021 supplemental PCRA filing. Generally, this is not permitted. **See Commonwealth v. Baumhammers**, 92 A.3d 708, 730 (Pa. 2014) ("[P]etitioners may not automatically 'amend' their PCRA petitions via responsive pleadings."). Nonetheless, the PCRA court in this matter permitted the filing and, thereafter, considered the substance of the allegations set forth in the supplemental PCRA submission. Accordingly, the PCRA court "effectively allowed Appellant to amend his petition to include those issues presented in the supplement." **Commonwealth v. Boyd**, 835 A.2d 812, 816 (Pa.Super. 2003). Thus, any relevant pleadings set forth in the supplemental PCRA petition were properly raised in both the PCRA court and this Court.

Tingle and Mrs. Johnson were available and willing to testify that Appellant was with them at the time of these crimes, and that counsel was aware of, or should have discovered, their existence. *See* Amended PCRA Petition, 2/5/21, at 2-5; Supplemental Motion, 3/19/21, at 4-5.

On June 24, 2021, the PCRA court filed notice of its intent to dismiss Appellant's petition without a hearing pursuant to Pa.R.Crim.P. 907(1) for lack of merit, which garnered no response. On July 21, 2021, the PCRA court dismissed Appellant's petition at both cases. Appellant filed a timely notice of appeal listing only the docket number in Case No. 8432. *See* Notice of Appeal, 8/12/21, at 1. Thereafter, the PCRA court directed Appellant to file a concise statement of errors pursuant to Pa.R.A.P. 1925(b). He timely complied and the PCRA court filed a responsive Rule 1925(a) opinion.

Despite only filing a notice of appeal listing Case No. 8432, this Court concluded that Appellant had manifested a clear intent to appeal the denial of his PCRA petition at both cases. *See Commonwealth v. Smith*, 1649 EDA 2021 (Pa.Super. Nov. 29, 2022) (non-precedential decision at 5). Accordingly, we remanded to provide Appellant with an opportunity to correct this procedural error pursuant to *Commonwealth v. Young*, 265 A.3d 462, 477-78 (Pa. 2021) ("[W]here a timely appeal is erroneously filed at only one docket, [Pa.R.A.P. 902] permits the appellate court, in its discretion, to allow correction of the error, where appropriate."). On remand, Appellant filed a corrected notice of appeal and the PCRA court forwarded the record in Case No. 3774. Thus, this matter is now ripe for adjudication on the merits.

Before this Court, Appellant asserts that the PCRA court erred by dismissing his PCRA petition without a hearing despite his allegations that his trial counsel rendered ineffective assistance of counsel by failing to call two alibi witnesses to testify in his defense. *See* Appellant's brief at 2. The standard and scope of our review in this context is practically axiomatic:

> When reviewing the denial of a PCRA petition, an appellate court must determine whether the PCRA court's order is supported by the record and free of legal error. Generally, a reviewing court is bound by a PCRA court's credibility determinations and its fact-finding, so long as those conclusions are supported by the record. However, with regard to a court's legal conclusions, appellate courts apply a *de novo* standard.

*Commonwealth v. Drummond*, 285 A.3d 625, 633 (Pa. 2022) (cleaned up).

Appellant's arguments pertain to allegations of the ineffectiveness of trial counsel, our review of which are also well-defined in Pennsylvania law:

> To prove that counsel was ineffective, the petitioner must demonstrate: (1) that the underlying claim has arguable merit; (2) that no reasonable basis existed for counsel's actions or failure to act; and (3) that the petitioner suffered prejudice as a result of counsel's error. . . . Counsel is presumed to be effective; accordingly, to succeed on a claim of ineffectiveness the petitioner must adduce sufficient evidence to overcome this presumption.

*Id*.at 634. More specifically, Appellant's claim concerns counsel's alleged failure to present alibi witnesses on his behalf. Accordingly, he must demonstrate that: (1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew or, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to

have denied the defendant a fair trial. **See *Commonwealth v. Sneed***, 45 A.3d 1096, 1109 (Pa. 2012).

Finally, Appellant's argument challenges the PCRA court's decision to deny his ineffectiveness claim without a hearing. Pursuant to Pennsylvania Rule of Criminal Procedure 908(A)(2), courts are required to hold a hearing where a PCRA petition raises "material issues of fact." Pa.R.Crim.P. 908(A)(2). By contrast, Pennsylvania Rule of Criminal Procedure 909(B)(2) permits the dismissal of PCRA petitions without a hearing if the court is satisfied that "there are no genuine issues concerning any material fact, the defendant is not entitled to post-conviction collateral relief, and no legitimate purpose would be served by any further proceedings." Pa.R.Crim.P. 909(B)(2). In order "to obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, [a petitioner] must show that he raised a genuine issue of material fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing." ***Commonwealth v. Hanible***, 30 A.3d 426, 452 (Pa. 2011).

The PCRA court has related that its decision to deny Appellant's petition without a hearing was the result of its conclusion that the two alibi witnesses proffered by Appellant lacked any credibility. **See** Trial Court Opinion, 1/12/22, at 8-14. Specifically, the PCRA court accurately asserts that Mr. Tingle "is the very same person who incriminated [Appellant] in the robberies." ***Id***. at 9. With respect to Mrs. Johnson, the PCRA court similarly

- 6 -

suggests that her familial relationship with Appellant essentially precludes her from offering alibi testimony in this case.[3] *Id*. at 14. Based upon this alleged lack of credibility, the PCRA court concludes that Appellant will be unable to satisfy the prejudice prong of the ineffectiveness test under Pennsylvania law since the Commonwealth's evidence at trial was "overwhelming" with respect to guilt. *See id*. at 13-14. We must disagree.

Both Mr. Tingle and Mrs. Johnson certainly have a personal relationship with Appellant that may serve to undercut or complicate the value of their testimony. However, we emphasize that no such testimony has yet been offered in this case. Rather, the PCRA court has based its credibility findings entirely upon its own assumptions concerning the witnesses' character. However, a witness's "demeanor and temperament" while testifying in court is a factor that we expect the trier of fact to consider when addressing that witness's credibility. *Commonwealth v. Thompson*, 93 A.3d 478, 492 (Pa.Super. 2014). The PCRA court has effectively subverted this expectation by rendering premature judgments concerning the credibility of Mr. Tingle and Mrs. Johnson. In the same way that it is improper for an appellate court to

---

[3] Specifically, the PCRA court has cited an unpublished memorandum of this Court that was filed prior to May 1, 2019, in support of its interpretation of Pennsylvania law. Pursuant to the Pennsylvania Rules of Appellate Procedure, this holding may not be cited for its persuasive value. *See* Pa.R.A.P. 126(b)(1)-(2). Generally, such cases may not be cited by any court or party. *See* Superior Court I.O.P. § 65.37(B) ("An unpublished memorandum decision filed prior to May 2, 2019, shall not be relied upon or cited by a Court or a party in any other action or proceeding[.]").

render credibility determinations "relying solely upon a cold record," we find that it is equally improper for a PCRA court to do the same here. *See, e.g., Commonwealth v. Farquharson*, 354 A.2d 545, 550 (Pa. 1976) (noting that there is "legitimacy" in the credibility determinations of a trial court only to the extent that it has an opportunity to directly observe witnesses).

We also find the following passage to be instructive:

Many factors may affect the probative value of testimony, such as age [,] . . . intelligence, experience, occupation, demeanor, or temperament of the witness. A trial court or jury **before whom witnesses appear** is at least in a position to take note of such factors. An appellate court has no way of doing so. It cannot know whether a witness answered some questions forthrightly but evaded others. It may find an answer convincing and truthful in written form that may have sounded unreliable at the time it was given. A well[-]phrased sentence in the record may have seemed rehearsed at trial. A clumsy sentence in the record may not convey the ring of truth that attended it when the witness groped his way to its articulation.

*Id*. at 491 n.3 (emphasis added). Thus, while an appellate court is bound to rely upon "the mute record made below," we concomitantly depend upon the trier of fact to render a fully informed decision regarding the credibility of witnesses. *Id*. No such adjudication took place in this case since the PCRA court failed to adduce an adequate basis to entirely malign the credibility of Mr. Tingle and Mrs. Johnson. We find that the credibility determinations of the PCRA court are not supported by the record and, consequently, we are not bound by them in this matter. *See, e.g., Drummond*, *supra* at 633.

Due to the PCRA court's decision to issue its ruling without holding an evidentiary hearing, we may only speculate as to the potential character of

these witnesses on the stand or the content of their putative averments. The specific circumstances of Appellant's allegations of ineffectiveness remain woefully underdeveloped without such testimony and, consequently, Appellant's entitlement to relief, or lack thereof, is not clear from the available record. However, we note that Appellant's PCRA petitions aver the basic facts necessary to make out a claim of ineffectiveness for failure to call an alibi witness. **Compare** Amended PCRA Petition, 2/5/21, at 2-5; Supplemental Motion, 3/19/21, at 4-5 **with Sneed**, **supra** at 1109.

We recognize that "[i]t is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence." **Commonwealth v. Williams**, 244 A.3d 1281, 1287 (Pa.Super. 2021) (cleaned up). While Appellant's claims may not ultimately prove to be meritorious, we cannot conclude his arguments are entirely specious without the benefit of fact-finding. Thus, his averments and the undisputed existence of these alibi witnesses creates a material issue of fact that requires resolution at a PCRA hearing with testimony. **See Commonwealth v. Hart**, 199 A.3d 475, 482 (Pa.Super. 2018) (vacating order denying PCRA relief and remanding for a hearing to address an unresolved material issue of fact).

Based on the foregoing, we conclude that the PCRA court abused its discretion in denying Appellant an evidentiary hearing based upon credibility determinations that were not supported by the record. Thus, we vacate the

order denying Appellant's PCRA petition and remand for further proceedings consistent with this memorandum.

Order vacated.  Case remanded.  Jurisdiction relinquished.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 3/23/2023*