J-S38035-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JONATHAN PENA | : | |
| | : | |
| Appellant | : | No. 300 EDA 2023 |

Appeal from the PCRA Order Entered January 13, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-1207661-2003

BEFORE:  LAZARUS, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                    **FILED OCTOBER 23, 2023**

Jonathan Pena (Pena) appeals from the January 13, 2023 order of the Court of Common Pleas of Philadelphia County (PCRA court) denying his petition pursuant to the Post-Conviction Relief Act (PCRA).[1]  We affirm.

We glean the following facts from the certified record.  In 2003, Pena shot Jermell Ward multiple times outside a bar after an argument.  Fired cartridge casings were collected from the scene of the shooting and an eyewitness testified that Pena shot the victim in the back as the two were exiting the bar.  Pena was subsequently convicted of first-degree murder, carrying a firearm without a license, carrying a firearm on the streets of

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541 *et seq.*

Philadelphia and possession of an instrument of crime and was sentenced to an aggregate of life imprisonment.[2]  This Court affirmed the judgment of sentence and it became final in 2011.  **See Commonwealth v. Pena**, 3030 EDA 2008, at *5 (Pa. Super. June 14, 2010) (unpublished memorandum), *allocator denied*, 368 EAL 2010 (Pa. Dec. 7, 2010).

Pena filed two counseled PCRA petitions after his judgment of sentence became final, both of which were denied.  **See Commonwealth v. Pena**, 3600 EDA 2013 (Pa. Super. March 4, 2015) (unpublished memorandum), *allocator denied*, 155 EAL 2015 (Pa. July 21, 2015); **Commonwealth v. Pena**, 308 EDA 2019 (Pa. Super. April 28, 2020) (unpublished memorandum), *allocator denied*, 176 EAL 2020 (Pa. Dec. 1, 2020).  He did not raise any claims related to DNA testing in those petitions, nor did he argue that his prior counsel were ineffective in failing to pursue DNA testing.

Pena filed the instant petition on March 28, 2022, raising substantive claims of violations of the law undermining the reliability of the verdict, ineffective assistance of counsel and after-discovered evidence.  He did not plead any exceptions to the PCRA's jurisdictional time-bar.  The Commonwealth filed a response arguing that the petition was untimely.  Pena

---

[2] 18 Pa.C.S. §§ 2502(a), 6106, 6108 & 907.

responded by filing a subsequent petition on October 27, 2022.[3] He again asserted that prior counsel had been ineffective and, for the first time, contended that new counsel should be appointed to pursue DNA testing of the fired cartridge casings under Section 9543.1 of the PCRA. **See** 42 Pa.C.S. § 9543.1. He averred that counsel was aware of the evidence prior to trial but never sought DNA testing, and that such testing would exclude him as the shooter. He claimed that he was entitled to seek DNA testing over ten years after his judgment of sentence became final due to the ineffectiveness of his prior counsel.

The PCRA court issued a notice of intent to dismiss the petition as untimely without a hearing and subsequently dismissed the petition. Pena timely appealed. The PCRA court did not order him to file a concise statement

---

[3] Pena did not seek leave from the PCRA court to file an amended or supplemental petition. In its opinion, the PCRA court explained that even though this petition was filed on October 27, 2022, it did not receive it until November 3, 2022, the day after it issued its notice of intent to dismiss the petition without a hearing. PCRA Court Opinion, 3/28/23, at 4-5. Nevertheless, the PCRA court reviewed the amended petition and determined it had no merit. **Id.** Because the PCRA court accepted the petition and considered it on the merits before issuing its dismissal, we will treat it as a properly filed amended petition. **See** Pa. R. Crim. P. 905(A) ("The judge may grant leave to amend or withdraw a petition for post-conviction collateral relief at any time. Amendment shall be freely allowed to achieve substantial justice."); **Commonwealth v. Boyd**, 835 A.2d 812, 815-16 (Pa. Super. 2003).

pursuant to Rule of Appellate Procedure 1925(b) but issued an opinion detailing its reasons for dismissing the petition.

On appeal, Pena raises three claims of error. He argues that (1) he should be appointed counsel to litigate his claim, (2) the PCRA court erred in denying his request for DNA testing as untimely, and (3) ineffectiveness of prior counsel prevented him from pursuing DNA testing sooner.

First, Pena argues that the PCRA court erred in denying his request for bilingual counsel to aid him on appeal. He contends that he requires the assistance of counsel on appeal to translate legal sources from English to Spanish and to ensure that he is properly complying with all Rules of Procedure. Pena petitioned the PCRA court to appoint him counsel after he filed this appeal. The PCRA court denied the motion, noting that Pena testified at his trial that he could read, write and understand the English language and that he had not requested the aid of bilingual counsel in his previous PCRA proceedings. *See* Order, 5/2/23, at n.1. We discern no error in the PCRA court's reasoning. Moreover, we note that petitioners have no right to counsel in second or subsequent PCRA proceedings. *See* Pa. R. Crim. P. 904(C), (D). Accordingly, Pena has not established that he is entitled to the appointment of counsel for his third petition and the PCRA court did not abuse its discretion in denying his request.

Next, Pena argues that the trial court erred in denying his request for DNA testing.[4] He contends that the evidence at trial was primarily circumstantial and based on unreliable eyewitness testimony rather than on any forensic evidence. He acknowledges that law enforcement conducted a ballistics analysis of the fired cartridge casings recovered from the scene and that a casing had a fingerprint smudge that could not be identified. He argues that DNA testing of the casing will exonerate him as the shooter.[5]

Section 9543.1 of the PCRA governs requests for post-conviction DNA testing. *See* 42 Pa.C.S. § 9543.1. That section sets forth alternative threshold requirements that a petitioner must establish:

> If the evidence was discovered prior to the applicant's conviction, the evidence shall not have been subject to the DNA testing requested because the technology for testing was not in existence at the time of the trial or the applicant's counsel did not seek

---

[4]
> Generally, the trial court's application of a statute is a question of law that compels plenary review to determine whether the court committed an error of law. When reviewing an order denying a motion for post-conviction DNA testing, this Court determines whether the movant satisfied the statutory requirements listed in Section 9543.1. We can affirm the court's decision if there is any basis to support it, even if we rely on different grounds to affirm.

*Commonwealth v. Walsh*, 125 A.3d 1248, 1252-53 (Pa. Super. 2015) (citation omitted).

[5] Pena correctly argues that the jurisdictional time-bar does not apply to motions for DNA testing under the PCRA. *See In re Payne*, 129 A.3d 546, 553 n.11 (Pa. Super. 2015) *(en banc).* However, it is well-settled that "[w]e can affirm the court's decision if there is any basis to support it, even if we rely on different grounds to affirm." *Commonwealth v. Walsh*, 125 A.3d 1248, 1252-53 (Pa. Super. 2015) (citation omitted).

testing at the time of the trial in a case where a verdict was rendered on or before January 1, 1995, or the evidence was subject to the testing, but newer technology could provide substantially more accurate and substantially probative results, or the applicant's counsel sought funds from the court to pay for the testing because his client was indigent and the court refused the request despite the client's indigency.

42 Pa.C.S. § 9543.1(a)(2). Failure to meet any of the threshold requirements is alone sufficient to deny relief. *Commonwealth v. Rowe*, 293 A.3d 733, 744 (Pa. Super. 2023).

Pena did not plead any of these threshold requirements in the PCRA court, nor does he argue on appeal that any of them are applicable to his case. Technology for DNA testing was in existence at the time of his 2005 trial. His trial took place after the January 1, 1995 statutory cut-off date for additional DNA testing items when trial counsel failed to previously request it. As Pena acknowledges, the fired cartridge casings were not previously subjected to testing, so he may not seek additional testing on the basis that new methods are more reliable. Finally, he did not previously file a motion for DNA testing that was denied despite his indigency. As Pena cannot meet any of Section 9543.1(a)(2)'s threshold requirements, the PCRA court was entitled to deny the petition on this basis alone. *Id.* No relief is due.

Finally, Pena contends that his trial and prior PCRA counsel were ineffective for failing to request DNA testing of the cartridge casing. While he acknowledges that his petition is untimely, *see* note 5, *supra*, he invokes our Supreme Court's decision in *Commonwealth v. Bradley*, 261 A.3d 381 (Pa.

2021), to explain why he did not seek DNA testing in earlier proceedings. He contends that he should be permitted under **Bradley** to challenge prior counsels' effectiveness because the procedural mechanism to do so was not apparent prior to that decision.

In **Bradley**, our Supreme Court held that a PCRA petitioner may raise ineffectiveness of PCRA counsel "at the first opportunity to do so, even when on appeal." **Commonwealth v. Bradley**, 261 A.3d 381, 401 (Pa. 2021). The Court was clear, however, that raising ineffectiveness of PCRA counsel on appeal from a timely petition was not a means of circumventing the jurisdictional time-bar. **Id.** at 404; **id.** at 406 (Dougherty, J., concurring) ("Importantly, our decision today does not create an exception to the PCRA's jurisdictional time-bar. . . ."). This Court has subsequently held that **Bradley** did not create a new exception to the time-bar for second or subsequent PCRA petitions. **Commonwealth v. Stahl**, 292 A.3d 1130, 1136 (Pa. Super. 2023) ("Nothing in **Bradley** creates a right to file a second PCRA petition outside the PCRA's one-year time limit as a method of raising ineffectiveness of PCRA counsel or permits recognition of such a right.").

Here, Pena acknowledges that his petition is facially untimely, as it was filed over a decade after his judgment of sentence became final in 2011. **See** 42 Pa.C.S. § 9545(b)(3). As a result, he must plead and prove one of the three exceptions to the PCRA's jurisdictional time-bar: (1) government interference with the presentation of the claim; (2) newly-discovered facts; or

(3) a newly-recognized constitutional right. 42 Pa.C.S. § 9545(b)(1)(i)-(iii). Pena has not pled the applicability of any of these exceptions, and this Court has previously rejected his argument that **Bradley** entitles him to challenge prior counsel's ineffectiveness in a subsequent, untimely PCRA petition. **Stahl**, **supra**. Accordingly, the PCRA court did not err in holding that his petition was untimely on this basis.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/23/2023