J-S86039-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| COURTNEY DAVONTE HARDEN | |
| Appellant | No. 878 WDA 2016 |

Appeal from the PCRA Order May 26, 2016
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0000387-2014

BEFORE:  GANTMAN, P.J., MOULTON, J., and STEVENS, P.J.E.*

MEMORANDUM BY GANTMAN, P.J.:                    **FILED DECEMBER 13, 2016**

Appellant, Courtney Davonte Harden, appeals from the order entered in the Erie County Court of Common Pleas, which denied his petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

The relevant facts and procedural history of this appeal are as follows. On July 11, 2014, Appellant pled guilty to third-degree murder and aggravated assault.  The trial court sentenced Appellant on July 31, 2014, to an aggregate term of ten (10) to twenty (20) years' incarceration.  Appellant did not file a direct appeal.  On August 28, 2015, Appellant timely filed a *pro se* PCRA petition.  The PCRA court appointed counsel on September 3, 2015.

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

---

*Former Justice specially assigned to the Superior Court.

J-S86039-16

On December 14, 2015, the court issued notice of its intent to dismiss the petition without a hearing, pursuant to Pa.R.Crim.P. 907. In response, Appellant filed a counseled "supplemental petition" on January 11, 2016.[2] The court denied Appellant's PCRA petition on May 26, 2016. Appellant filed a timely notice of appeal on June 17, 2016. The court ordered Appellant to file a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b), and Appellant timely complied.

Appellant raises the following issues for our review:

> THE PCRA COURT ERRED IN DENYING [APPELLANT'S] PCRA PETITION AND/OR CONDUCTING A HEARING TO TAKE TESTIMONY WHERE HE ARGUED THAT HIS PLEA WAS UNINTELLIGENT, UNKNOWING, AND UNLAWFULLY INDUCED BY HIS COUNSEL.
>
> THE PCRA COURT ERRED IN DENYING [APPELLANT'S] PCRA PETITION WHEN HE ARGUED THAT HIS TRIAL COUNSEL WAS INEFFECTIVE IN F[A]ILING TO ENTER INTO EVIDENCE VARIOUS POLICE REPORTS AT HIS PRELIMINARY HEARING.

(Appellant's Brief at 1).

Our standard of review of the denial of a PCRA petition is limited to examining whether the record evidence supports the court's determination

---

[2] The court stated in the Rule 907 notice that Appellant had failed to file a timely amended PCRA petition. Appellant averred that he could not have filed the supplemental petition earlier because he had not received the sentencing transcript. Any objection to the lack of renewed Rule 907 notice is waived, in any event, because Appellant does not raise that objection on appeal. **See Commonwealth v. Guthrie**, 749 A.2d 502 (Pa.Super. 2000) (stating failure to object on appeal to absence of Rule 907 notice results in waiver of issue).

- 2 -

and whether the court's decision is free of legal error. ***Commonwealth v. Ford***, 947 A.2d 1251 (Pa.Super. 2008), *appeal denied*, 598 Pa. 779, 959 A.2d 319 (2008). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. ***Commonwealth v. Carr***, 768 A.2d 1164 (Pa.Super. 2001). A petitioner is not entitled to a PCRA hearing as a matter of right; the PCRA court can decline to hold a hearing if there is no genuine issue concerning any material fact, the petitioner is not entitled to PCRA relief, and no purpose would be served by any further proceedings. ***Commonwealth v. Hardcastle***, 549 Pa. 450, 701 A.2d 541 (1997).

In his first issue, Appellant argues plea counsel unlawfully induced Appellant to plead guilty. Appellant contends he is entitled to an evidentiary hearing to testify regarding information he lacked at the time of his plea that would have changed his plea decision. Appellant asserts he is innocent of the crimes, and plea counsel was unaware of "statutes dealing with self-defense." Appellant concludes counsel's ineffectiveness warrants withdrawal of Appellant's guilty plea. We disagree.

The law presumes counsel has rendered effective assistance. ***Commonwealth v. Williams***, 597 Pa. 109, 950 A.2d 294 (2008). When asserting a claim of ineffective assistance of counsel, a petitioner is required to make the following showing: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his action or inaction; and,

(3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. **Commonwealth v. Kimball**, 555 Pa. 299, 312, 724 A.2d 326, 333 (1999). The failure to satisfy any prong of the test for ineffectiveness will cause the claim to fail. **Williams, supra**. Because claims of ineffective assistance of counsel are not self-proving, the petitioner must develop each prong of the test in a meaningful fashion. **Commonwealth. v. Spotz**, 587 Pa. 1, 896 A.2d 1191 (2006). Boilerplate, undeveloped argument regarding counsel's assistance is not sufficient to warrant PCRA relief. **Id.**

"Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea." **Commonwealth v. Moser**, 921 A.2d 526, 531 (Pa.Super. 2007). "Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." **Id.** Pennsylvania law does not require the defendant to "be pleased with the outcome of his decision to enter a plea of guilty[; a]ll that is required is that [his] decision to plead guilty be knowingly, voluntarily and intelligently made." **Id.** at 528-29. A guilty plea will be deemed valid if the totality of the circumstances surrounding the plea shows that the defendant had a full understanding of the nature and consequences of his plea such that he knowingly and intelligently entered

- 4 -

the plea of his own accord. ***Commonwealth v. Fluharty***, 632 A.2d 312 (Pa.Super. 1993). Further, a defendant who decides to plead guilty is bound by the statements he makes while under oath and may not later assert grounds for withdrawing his plea that contradict statements he made during the plea colloquy. ***Commonwealth v. Pollard***, 832 A.2d 517 (Pa.Super. 2003).

Instantly, Appellant fails to identify the information he supposedly lacked at the time of his plea that would have affected his decision to plead guilty. Appellant also does not elaborate on his bald assertion that plea counsel was unaware of "statutes dealing with self-defense." Appellant's undeveloped arguments are arguably insufficient to make out any reviewable claim of ineffective assistance of counsel. ***See Spotz, supra.***

Moreover, at the guilty plea hearing, the court engaged Appellant in a thorough colloquy. The Commonwealth's attorney explained to Appellant the maximum penalties for each offense and the rights he was relinquishing by pleading guilty, including a jury trial, participation in jury selection, the presumption of innocence, and the requirement of a unanimous jury verdict. The court explained in detail the elements of each charge. The Commonwealth's attorney then stated the factual basis for the charges. Appellant confirmed he understood the rights he was giving up and the nature of the plea agreement (including the lack of any guaranteed sentence). Appellant admitted he was guilty of both offenses. Appellant

also signed a written colloquy, which similarly explained the nature of the plea agreement, the rights Appellant was relinquishing, the maximum sentence for each offense, and the voluntariness of Appellant's assent. Therefore, the record belies Appellant's assertions that he did not voluntarily, knowingly, and intelligently enter his plea. Consequently, Appellant is not entitled to relief on his claim that counsel unlawfully induced him to plead guilty. **See Pollard, supra**; **Fluharty, supra**.

In his second issue, Appellant argues plea counsel was ineffective for failing to introduce various police reports during the preliminary hearing. Appellant suggests the reports would have shown his lack of malice and led to dismissal of the charges or an acquittal. Appellant concludes this Court should permit him to withdraw his guilty plea. We disagree.

"Upon entry of a guilty plea, a defendant generally waives all defects and defenses except those concerning the validity of the plea, the jurisdiction of the trial court, and the legality of the sentence imposed." **Commonwealth v. Boyd**, 835 A.2d 812, 816 (Pa.Super. 2003). Nevertheless, "[i]f the ineffective assistance of counsel caused the defendant to enter an involuntary or unknowing plea, the PCRA will afford the defendant relief." **Id.** at 819.

Instantly, when Appellant entered his guilty plea, he waived any defense regarding "lack of malice." Appellant cannot establish counsel's alleged failure to introduce police reports constituted ineffective assistance

- 6 -

unless Appellant can show it caused him to enter an involuntary or unknowing plea. *See id.* Appellant, however, makes no argument in that respect. Moreover, the totality of the circumstances indicates Appellant entered his plea voluntarily and knowingly. *See Fluharty, supra*. Further, Appellant did not attach any police reports to his PCRA petition, or otherwise offer support for his contention that unspecified information in the reports would have led to dismissal of the charges. Therefore, Appellant's second challenge to plea counsel's effectiveness lacks merit. *See Kimball, supra*. Based on the foregoing, the court properly denied Appellant's PCRA petition. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/13/2016