J-S71023-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                       :            PENNSYLVANIA
                                         :

               v.                      :

DERRICK O. CLEMENS         :

             Appellant        :    No. 1576 EDA 2018

Appeal from the Judgment of Sentence April 17, 2018
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0007360-2017

BEFORE:  PANELLA, J., DUBOW, J., and NICHOLS, J.

MEMORANDUM BY DUBOW, J.:             **FILED DECEMBER 24, 2018**

Appellant, Derrick O. Clemens, appeals from the April, 17 2018 Judgment of Sentence that followed the entry of his negotiated plea of *nolo contendere* to Driving Under the Influence ("DUI") and Driving While Operating Privilege is Suspended for a DUI-related offense ("DWS").[1] Appellant's counsel has filed an ***Anders*** Brief, together with an Application to Withdraw as Counsel.[2]  After careful review, we affirm Appellant's Judgment of Sentence and grant counsel's Application to Withdraw.

On April 17, 2018, Appellant entered a negotiated plea of *nolo contendere* to DUI and DWS.  Pursuant to the plea agreement, the

---

[1] 75 Pa.C.S. §§ 3802(d)(3) and 1543(b)(1), respectively.

[2] ***See Anders v. California***, 386 U.S. 738 (1967).

Commonwealth recommended, and the trial court imposed, a sentence of 72 hours' to 6 months' incarceration for the DUI, followed by a consecutive term of 60 days' incarceration for the DWS.[3] Appellant did not file a post-sentence motion.

Appellant timely appealed. Appellant's counsel filed a Pa.R.A.P. 1925(c)(4) Statement in lieu of a Rule 1925(b) Statement. On June 19, 2017, counsel filed the **Anders** Brief and Application to Withdraw as Counsel. Appellant did not file a *pro se* or counseled response to either the Brief or the Application.

In his **Anders** Brief, counsel raises a sole issue:

> Whether the aggregate sentence of 72 hours['] to 6 months['] incarceration followed by 60 days of imprisonment and monitoring imposed on [Appellant] is harsh and excessive under the circumstances?

**Anders** Brief at 2.

Before this Court may consider the merits of the issue raised, we must address counsel's Application to Withdraw. **See Commonwealth v. Daniels**, 999 A.2d 590, 593 (Pa. Super. 2010) ("When presented with an **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw."). In order for counsel to withdraw from an appeal pursuant to **Anders**, our Supreme Court has determined that counsel must meet certain requirements, including:

---

[3] The trial court ordered Appellant to serve the 60-day incarceration term in ten periods of 48 hours followed by 40 days of electronic home monitoring.

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009).

In the instant case, counsel has complied with all of the requirements of *Anders* as articulated in *Santiago*. Additionally, counsel confirms that he sent Appellant a copy of the *Anders* Brief, as well as a letter explaining to Appellant that he has the right to proceed *pro se* or retain new counsel. *See Commonwealth v. Millisock*, 873 A.2d 748, 751 (Pa. Super. 2005) (describing notice requirements). Counsel appended a copy of the letter to his Petition to Withdraw.

Because counsel has satisfied the above requirements, it is now this Court's duty to conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel and render an independent judgment as to whether the appeal is, in fact, wholly frivolous. *See Commonwealth v. Yorgey*, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en banc*) (noting that *Anders* requires the reviewing court to "review 'the case' as presented in the entire record with consideration first of issues raised by counsel.").

- 3 -

The issue presented in the **Anders** Brief challenges the discretionary aspects of Appellant's sentence. However, it is well-settled that upon entry of a negotiated plea, "a defendant generally waives all defects and defenses except those concerning the validity of the plea, the jurisdiction of the trial court, and the legality of the sentence imposed." **Commonwealth v. Boyd**, 835 A.2d 812, 816 (Pa. Super. 2003) (citation and quotation omitted).[4] "One who pleads guilty and receives a negotiated sentence may not then seek discretionary review of that sentence." **Commonwealth v. O'Malley**, 957 A.2d 1265, 1267 (Pa. Super. 2008) (citation omitted).

The only issue raised by counsel in this case challenges the discretionary aspects of Appellant's sentence, a claim that Appellant waived when he entered a negotiated guilty plea. Accordingly, we agree with counsel and conclude that the issue raised in the **Anders** Brief is wholly frivolous.[5]

Furthermore, our independent review of the record, conducted in accordance with **Yorgey**, **supra**, confirms counsel's assertion that there are no issues of merit to be considered by this Court and this appeal is, thus,

---

[4] "In terms of its effect upon a case, a plea of nolo contendere is treated the same as a guilty plea." **Commonwealth v. Lewis**, 791 A.2d 1227, 1230 (Pa. Super. 2002) (citations and quotation omitted).

[5] Moreover, even if Appellant could challenge the discretionary aspects of his sentence, such a challenge is waived unless an appellant raises it in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. **See Commonwealth v. Shugars**, 895 A.2d 1270, 1273-74 (Pa. Super. 2006). Appellant failed to do either.

wholly frivolous. Thus, we grant counsel's Application to Withdraw and affirm Appellant's Judgment of Sentence.

Judgment of Sentence affirmed. Application to Withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/24/18