J-S57045-18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

COMMONWEALTH OF PENNSYLVANIA,   :    IN THE SUPERIOR COURT OF
                                                  :          PENNSYLVANIA

            Appellee            :

        v.                       :

                                                  :

CLARENCE BURBAGE,                :

                                                  :

           Appellant          :    No. 3692 EDA 2017

Appeal from the PCRA Order November 9, 2017
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0001040-2012
CP-51-CR-0001045-2012

BEFORE:    PANELLA, J., PLATT, J.* and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:          **FILED APRIL 03, 2019**

Clarence Burbage (Appellant) appeals from the November 9, 2017 order, which dismissed his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. Upon review, we vacate the order and remand for proceedings consistent with this memorandum.

We provide the following background. On May 22, 2011, Appellant participated in the shooting of Danny Williams in his left buttocks in an attempt to kill him. An arrest warrant was issued for Appellant. Subsequently, on May 27, 2011, Appellant shot Williams eight times, and Williams was killed. Appellant was charged at docket number CP-51-CR-0001040-2012 (docket 1040) with both attempted murder and robbery, and at docket number CP-51-CR-0001045-2012 (docket 1045) with first-degree murder and related charges. A consolidated jury trial was held on May 31,

_____

*Retired Senior Judge assigned to the Superior Court.

2013, and Appellant was found guilty of numerous charges at both docket numbers. Appellant was sentenced to life in prison without parole (LWOP) for the first-degree murder conviction. He was also sentenced to a concurrent term of five-to-ten years of incarceration for the robbery conviction. No further penalty was imposed on the remaining charges. This Court affirmed Appellant's judgment of sentence on August 21, 2015, and our Supreme Court denied Appellant's petition for allowance of appeal on April 5, 2016. *See Commonwealth v. Burbage*, 131 A.3d 98 (Pa. Super. 2015), *appeal denied*, 136 A.3d 978 (Pa. 2016).

On November 8, 2016, Appellant timely filed a *pro se* PCRA petition at both docket numbers.[1] On February 3, 2017, Attorney James A. Lammendola was appointed to represent Appellant. On October 2, 2017, Attorney Lammendola filed a no-merit letter and petition to withdraw pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988) and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).[2] On

---

[1] In that petition, Appellant asserted that trial counsel was ineffective for not bringing forth information that Appellant was unarmed at the second incident until Williams reached for a weapon; that trial counsel was ineffective for not explaining that "intent is part of the test for [first-]degree murder;" that trial counsel was ineffective for failing to explore "included lesser offenses;" and that trial counsel was too inexperienced to handle this case. *See* PCRA Petition, 11/8/2016, at 3-4.

[2] Although both docket numbers are listed on the no-merit letter, it was filed only at docket 1040. In this filing, counsel set forth the aforementioned issues raised in Appellant's *pro se* PCRA petition. He also considered the

October 5, 2017, the PCRA court filed notice of its intent to dismiss Appellant's PCRA petition pursuant to Pa.R.Crim.P. 907.[3] On October 23, 2017, Attorney Wimmer sent a letter to the PCRA court, which was entitled "Response to 907 Notice," where she raised three issues: 1) a claim that Attorney Lammendola was ineffective by not addressing all issues set forth in Appellant's *pro se* PCRA petition; 2) a claim that Attorney Lammendola was ineffective for failing to amend Appellant's PCRA petition to include an additional claim regarding ineffective assistance of direct appeal counsel; and 3) a request for an evidentiary hearing or permission to amend Appellant's PCRA petition. Response to 907 Notice, 10/23/2017.

On November 9, 2017, the PCRA court dismissed Appellant's PCRA petition by entry of separate orders at each docket number. Also in that order, the PCRA court permitted Attorney Lammendola to withdraw.[4] On November 16, 2017, Appellant, through Attorney Wimmer, filed a single

---

issue of whether trial counsel was ineffective for not challenging the LWOP sentence. ***Turner/Finley*** Letter, 10/2/2017, at 8.

[3] That notice was filed only at docket 1045. In dismissing a petition without a hearing pursuant to Pa.R.Crim.P. 907, a PCRA court "shall state in the notice the reasons for the dismissal." Pa.R.Crim.P. 907(1). The PCRA court's 907 notice merely checks 2 boxes: 1) "[t]he issues raised in your *pro se* PCRA petition are without merit," and 2) "[y]our attorney has determined that the issues raised in your pro se PCRA petition are without merit." ***See*** Pa.R.Crim.P. 907 Notice, 10/5/2017. Importantly, this notice did not permit Attorney Lammendola to withdraw as counsel.

[4] Attorney Wimmer was listed as counsel for Appellant on this order.

notice of appeal.[5] On November 9, 2017, the PCRA court authored an opinion, which listed both dockets in its caption.[6]

Appellant has raised several issues on appeal, and we begin with his claim that the PCRA court "committed an abuse of discretion by failing to permit newly-retained counsel to file an amended PCRA petition." Appellant's Brief at 18-19. In his response to the 907 notice, Appellant requested that the PCRA court grant him "45 days to file an amended PCRA petition."[7]

---

[5] The appeal was filed at docket 1045, but listed both docket numbers on the filing. On February 21, 2018, this Court issued a rule to show cause to Appellant as to why the appeal should not be quashed for failure to file separate notices of appeal at each docket number. Appellant timely filed a response, arguing we should not quash this appeal because the notice of appeal listed both docket numbers. Response, 2/23/2018.

The Official Note to Pennsylvania Rule of Appellate Procedure 341(a) provides that "[w]here … one or more orders resolves issues arising on more than one docket … separate notices of appeal must be filed." On June 1, 2018, in **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018), our Supreme Court acknowledged that this rule has been applied inconsistently in the past. Thus, it held that for appeals filed after **Walker**, "when a single order resolves issues arising on more than one lower court docket, separate notices of appeal must be filed." **Id**. at 977.

Here, the notice of appeal was filed prior to **Walker**. Furthermore, throughout these PCRA proceedings, both the PCRA court and counsel filed various pleadings and orders listing both docket numbers at only one of the docket numbers. This has clearly created confusion in the certified record and perhaps confusion for the court, attorneys, and parties. Thus, we decline to quash this appeal.

[6] That opinion was filed on November 9, 2017, at docket 1045 and on November 16, 2017, at docket 1040. The PCRA court did not order a Pa.R.A.P. 1925(b) statement, and none was filed.

[7] The PCRA court did not address this issue in its opinion.

Response to 907 Notice, 10/23/2017, at ¶ 3; Appellant's Brief at 18-19. The Commonwealth argues that amendment would be futile because Appellant's claims provide no basis for relief. Commonwealth's Brief at 18.

A PCRA court "may grant leave to amend or withdraw a petition for post-conviction collateral relief at any time. Amendment shall be freely allowed to achieve substantial justice." Pa.R.Crim.P. 905(A). Moreover, amendment may be requested in response to a Rule 907 notice.[8] ***See*** Pa.R.Crim.P. 907(1).

> PCRA courts are invested with discretion to permit the amendment of a pending, timely-filed post-conviction petition, and … the content of amendments [do not have to] substantively align with the initial filing. Rather, the prevailing rule remains simply that amendment is to be freely allowed to achieve substantial justice. The Court has recognized that adherence to such rules governing post-conviction procedure is particularly appropriate since, in view of the PCRA's time limitations, the pending PCRA proceeding will most likely comprise the petitioner's sole opportunity to pursue collateral relief in state court.

***Commonwealth v. Flanagan***, 854 A.2d 489, 499-500 (Pa. 2004) (internal citations omitted). ***See also Commonwealth v. Mason***, 130 A.3d 601, 627 (Pa. 2015) ("The petitioner bears the onus of informing the PCRA court

---

[8] ***See Commonwealth v. Rykard***, 55 A.3d 1177, 1187 (Pa. Super. 2012) ("Rule 907, which provides the requirement of a notice of intent to dismiss and allows for the optional filing of a response, states that a PCRA court may dismiss a petition, grant leave to file an amended petition, or direct that proceedings continue twenty days after the date of the notice of dismissal, including if a defendant responds to the dismissal. The rule does not treat a response to its notice of dismissal as either an amended petition or a serial petition.").

that he or she seeks to add claims through an amended petition, and, in response, the court shall freely grant leave to amend where doing so achieves substantial justice consistent with the dictates of Pa.R.Crim.P. 905(A)."); ***Commonwealth v. Boyd***, 835 A.2d 812, 816 (Pa. Super. 2003) (noting it was within the PCRA court's discretion to consider supplemental issues raised by petitioner after counsel was permitted to withdraw pursuant to ***Turner/Finley***); ***c.f. Commonwealth v. Rigg***, 84 A.3d 1080, 1085 (Pa. Super. 2014) ("Where a petitioner does not seek leave to amend his petition after counsel has filed a ***Turner/Finley*** no-merit letter, the PCRA court is under no obligation to address new issues."). Rule 905(A) has been interpreted to "expressly allow [ ] a [PCRA] court substantial latitude to permit the amendment of the petition at any time after the petition's initial filing." ***Boyd***, 835 A.2d at 816.

Instantly, Attorney Wimmer attempted to enter her appearance two weeks after the PCRA court filed its Rule 907 notice, but prior to the PCRA court's permitting Attorney Lammendola to withdraw. Four days after that she filed a response to the 907 notice requesting an additional 45 days to amend Appellant's petition. Rather than stating that it was denying that motion, or explaining why it was denying the motion, the PCRA court summarily dismissed the petition. In its Pa.R.A.P. 1925(a) opinion, the PCRA court recognized the filing of a 907 response, but did not acknowledge

that Attorney Wimmer requested leave to amend Appellant's PCRA petition. **See** PCRA Court Opinion, 11/9/2017, at 2 n.3.

In considering this issue, we look to our Supreme Court's recent decision in **Commonwealth v. Crispell**, 193 A.3d 919 (Pa. 2018), for guidance. In **Crispell**, the petitioner sought to amend his PCRA petition, and the PCRA court refused to permit amendment based on its incorrect belief that it lacked jurisdiction to do so because any amendment would be a second, untimely-filed PCRA petition. In concluding the PCRA court erred by utilizing a jurisdictional test when considering an amendment, our Supreme Court offered the following:

> The PCRA court in this case exercised no discretion in addressing Crispell's motion to amend. Rather, the court premised its ruling upon its mistaken belief that it lacked jurisdiction to address the claim in any event. The only option available to this Court, at this juncture, is to remand this case back to the PCRA court, so that the court may consider Crispell's motion for leave to amend in accord with the liberal standard of Rule 905(A). **See Commonwealth v. Baumhammers**, [] 92 A.3d 708, 730-31 ([Pa.] 2014) (providing that leave to amend must be sought and obtained before the new claim can become part of the proceedings).

**Crispell**, 193 A.3d at 930.

In the instant matter, the record does not reflect whether the PCRA court ever considered Appellant's motion to amend his PCRA petition.[9] Thus,

---

[9] To the extent the Commonwealth or the PCRA court would assert that the PCRA court's decision to deny Appellant PCRA relief has implicitly denied Appellant's request to amend, we hold that pursuant to **Crispell**, and in this case, that is not enough. When amendment is requested, the PCRA court

as in **Crispell**, we conclude that the PCRA court exercised no discretion in considering Appellant's request to amend his PCRA petition. Accordingly, the only option available to this Court is to remand to the PCRA court for a ruling on Appellant's motion for leave to amend his PCRA petition. If the PCRA court, using the aforementioned liberal standard, permits the amendment, then Attorney Wimmer shall proceed as directed by the PCRA court. If the PCRA court denies Appellant permission to amend his petition, the PCRA court shall enter an order explaining its rationale for that conclusion. Also in that order, the PCRA court shall, once again, dismiss Appellant's PCRA petition, so that Appellant can file a new notice of appeal if he wishes.

Order vacated. Case remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.

*Judge Platt did not participate in the consideration or decision of this case.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 4/3/19

---

must expressly grant or deny such relief. The PCRA court may offer its explanation for its decision to deny either in the order itself or in a Rule 1925(a) opinion.