J-S32021-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DARIUS D FLEWELLEN | : | |
| | : | |
| Appellant | : | No. 2315 EDA 2018 |

Appeal from the PCRA Order Entered July 13, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-1003184-2003

BEFORE:  SHOGAN, J., NICHOLS, J., and MURRAY, J.

MEMORANDUM BY NICHOLS, J.:                      **FILED NOVEMBER 07, 2019**

Appellant Darius D Flewellen appeals from the order denying his fourth petition filed under the Post Conviction Relief Act[1] (PCRA).  Appellant argues that the PCRA court erred in dismissing his petition as untimely, and asserts that he was entitled to an evidentiary hearing on his after-discovered evidence claim.  For the reasons that follow, we remand for further proceedings consistent with this memorandum.

The facts of this case are well known to the parties, and we need not restate them here.  Briefly, Appellant was charged with first-degree murder and related offenses for his involvement in a 2003 shooting.  On February 1, 2005, following a jury trial, Appellant was sentenced to life in prison.  On direct

_____

[1] 42 Pa.C.S. §§ 9541-9546.

appeal, this Court affirmed Appellant's judgment of sentence and the Pennsylvania Supreme Court denied review. *Commonwealth v. Flewellen*, 1651 EDA 2005 (Pa. Super. filed Oct. 4, 2010) (unpublished mem.) *appeal denied*, 919 A.2d 955 (Pa. March 26, 2007).

Appellant filed a timely PCRA petition, which the PCRA court denied. Thereafter, Appellant filed two additional PCRA petitions, both of which the PCRA court dismissed as untimely.

On January 24, 2018, Appellant filed his fourth PCRA petition through privately retained counsel, Attorney Robert Marc Gamburg, Esq., who previously represented Appellant at his murder trial. Therein, he alleged that "[o]n or about November 30, 2017, Naeem Cook, who is available to testify in court, wrote a letter and gave it to a family member of [Appellant]. The letter exonerates [Appellant] from participation in this crime and identifies Mr. Cook as an eyewitness to this murder." *See* PCRA Pet., 1/24/18, at 2. Specifically, Appellant asserted that (1) Cook indicated that he saw the shooting and Appellant was not present; (2) Cook stated that he did not come forward sooner because of his "previous lifestyle, but is coming forward now to correct a wrong[;]" and (3) Appellant filed his petition within sixty days of discovering the new witness and testimony. *Id.*

On May 30, 2018, the Commonwealth filed a response stating that the affidavit did not include a proper witness certification for Cook. *See* Commonwealth's Letter in Brief, 5/30/18, at 4. The Commonwealth included a copy of Cook's letter, which it obtained from Attorney Gamburg. *Id.* at Ex.

A. Further, the Commonwealth argued that Appellant provided "no evidence to show that the facts contained in the letter were 'unknown to [him] and could not have been ascertained by the exercise or due diligence' or that he filed his claim 'within 60 days of the date the claim could have been presented.'" *Id.*

On June 11, 2018, the PCRA court issued a Pa.R.Crim.P. 907 notice of intent to dismiss Appellant's petition without a hearing. *See* Rule 907 Notice, 6/11/18. The PCRA court stated that Appellant's petition was untimely and did not satisfy any of the enumerated exceptions found in 42 Pa.C.S. § 9545(b)(1). *Id.* at 2.

The PCRA court docketed Appellant's timely *pro se* response on June 25, 2018. *See* Appellant's *Pro Se* Rule 907 Response, 6/25/18. Appellant reiterated that Cook came forward on November 30, 2017, and that Appellant filed his *pro se* petition on January 24, 2018. *Id.* at 2. Appellant also alleged that Attorney Gamburg was ineffective because although counsel "spoke directly with [Cook]" during a conference in December 2017, counsel failed to provide the date he spoke to Cook, a witness's statement, or a witness certification. *Id.* at 7. Further, Appellant argued that Attorney Gamburg failed to plead that the facts presented by Cook were unknown to Appellant until January 24, 2018. *Id.* at 9. Appellant explained that he was unaware of Cook's presence at the crime scene fifteen years earlier, as "[Appellant] himself was not present nor involved[,] and has continuous[ly] pleaded his innocence." *Id.* at 4.

On June 29, 2018, Attorney Gamburg filed an amended PCRA petition.[2] The petition stated that Attorney Gamburg was unable to locate Cook to obtain further information until June 29, 2018. *Id.* at 1 (unpaginated). The amended petition contained several exhibits: (1) a signed affidavit from Cook, dated June 29, 2018; (2) a photocopy of Cook's Delaware driver's license; (3) Cook's original November 2017 letter; (4) an affidavit by Attorney Gamburg in which he stated that he was not aware of Cook until November 2017; and (5) Cook's testimony would have changed the outcome of the trial. *Id.* at Exs. A-C.

On July 11, 2018, Attorney Gamburg filed a motion to withdraw as counsel. He stated that he filed the original PCRA and amended petition only to preserve Appellant's rights. He asserted that because he represented Appellant at trial, new counsel should be appointed for purposes of his PCRA.

On July 12, 2018, Appellant filed a second *pro se* response seeking to preserve his earlier ineffectiveness claims against Attorney Gamburg as PCRA counsel. Appellant stated that he asked Attorney Gamburg to withdraw from the case, but that Attorney Gamburg instead filed an amended petition.

On July 13, 2018, the PCRA court issued an order and opinion dismissing Appellant's petition as untimely. *See* PCRA Ct. Order & Op., 7/13/18. Although the PCRA court set forth the timeliness requirements of Section 9545(a)(ii), it ultimately concluded that "this witness statement is inherently

---

[2] Appellant did not seek leave to amend his petition under Pa.R.Crim.P. 905.

- 4 -

unreliable and does not qualify as after-discovered evidence; therefore, the petition is hereby dismissed for lack of jurisdiction." *Id.* at 4.

On July 18, 2018, the PCRA court denied Attorney Gamburg's motion to withdraw.[3] On August 7, 2018, the PCRA court docketed Appellant's *pro se* notice of appeal.[4] The PCRA court did not order Appellant to file a Pa.R.A.P. 1925(b) statement, and Appellant did not file one.[5]

Appellant raises two issues for our review:

1. The [PCRA] court dismissed a PCRA petition as untimely because it did not find credible a witness who would present

_____

[3] The PCRA court explained:

On January 24, 2018, counsel filed a PCRA petition to preserve [Appellant's] rights and now seeks to withdraw from it. It appears that counsel has never entered his appearance in this matter. As [Appellant] has filed multiple PCRA petitions, he would not qualify for appointed counsel should this be appealed. The instant PCRA was dismissed on July 13, 2018. It is suggested that counsel fulfill his ethical obligation in this matter and continue his representation. However, as counsel never entered an appearance the court is unable to order the withdrawal of his appearance. Counsel may want to consider the ramifications of his abandonment of this case.

PCRA Ct. Order, 7/13/18.

[4] This Court is required to docket a *pro se* notice of appeal, regardless of whether an appellant is represented by counsel. *Commonwealth v. Williams*, 151 A.3d 621, 624 (Pa. Super. 2016)

[5] Because the PCRA court did not order Appellant to file a Rule 1925(b) statement, we will not find waiver. *See Commonwealth v. Antidormi*, 84 A.3d 736, 746 n.7 (Pa. Super. 2014) (stating that the requirements of "Rule 1925(b) are not invoked in cases where there is no trial court order directing an appellant to file a Rule 1925(b) statement").

new, exonerating evidence. Did the trial court improperly conflate the merits of the petition with its timeliness?

2. Should the [PCRA] court have held an evidentiary hearing to consider a PCRA petition based on a new witness whose testimony would have exonerated the petitioner?

Appellant's Brief at 2-3.

We summarize Appellant's issues together. Appellant first claims that he established the newly discovered fact exception to the PCRA time-bar. *Id.* at 8. He asserts that Cook "came forward, identified himself as an eyewitness, and provided information that would exonerate [Appellant] only on November 30, 2017, the date of his letter to [Appellant's] family." *Id.* Appellant explains that Cook indicated that he did not come forward sooner because "he believed he should not 'snitch'" and only recently had a "change of heart." *Id.* at 9. He argues that once Appellant learned of this information, "he promptly filed a PCRA petition, doing so 55 days after the date of Mr. Cook's letter, and so within the 60-day deadline." *Id.*

Appellant concludes that that the PCRA court erred by conducting a merits analysis in considering the timeliness of Appellant's petition. *Id.* Appellant contends that the PCRA court "did not disagree with any of this analysis. Instead, it rejected [Appellant's] appeal as untimely because it did not believe that Mr. Cook was telling the truth." *Id.* Finally, Appellant asserts that because he established the timeliness exception, he is entitled to an evidentiary hearing, as Cook's statement presented an issue of material fact warranting relief. *Id.* at 11-12.

The Commonwealth maintains that Appellant failed to demonstrate that he exercised due diligence in obtaining Cook's testimony because "Cook's actions are largely irrelevant to defendant's burden [to] establish his own due diligence." Commonwealth's Brief at 7. Further, the Commonwealth asserts that Appellant "fails to explain what, if anything, he did to protected his own interests over the last fifteen years since he was convicted." *Id.*

Our standard of review for the dismissal of a PCRA petition is limited to "whether the record supports the PCRA court's determination and whether the PCRA court's decision is free of legal error." ***Commonwealth v. Lawson***, 90 A.3d 1, 4 (Pa. Super. 2014) (citation omitted). We grant great deference to the PCRA court's factual findings and we will not disturb them unless they have no support in the record. ***Commonwealth v. Rigg***, 84 A.3d 1080, 1084 (Pa. Super. 2014).

It is well settled that "the timeliness of a PCRA petition is a jurisdictional requisite." ***Commonwealth v. G. Brown***, 111 A.3d 171, 175 (Pa. Super. 2015) (citation omitted). A PCRA petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S. § 9545(b)(1). A judgment is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

Courts may consider a PCRA petition filed more than one year after a judgment of sentence becomes final only if the petitioner pleads and proves one of the following three statutory exceptions:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Moreover, a petitioner must file his petition within sixty days of the date the claim could have been presented. *See* 42 Pa.C.S. § 9545(b)(2) (subsequently amended eff. Dec. 24, 2018).[6]

We have held that "the 'new facts' exception set forth at Section 9545(b)(1)(ii) does not require any merits analysis of an underlying after-discovered evidence claim." *G. Brown*, 111 A.3d at 179. To successfully raise the newly discovered fact exception under section 9545(b)(1)(ii), a petitioner must only establish that: (1) "the facts upon which the claim was

---

[6] Section 9545(b)(2) was amended on October 24, 2018, effective December 24, 2018, extending the time for filing from sixty days of the date the claim could have been first presented to one year. The amendment applies to claims arising on December 24, 2017, or thereafter. *See* Act 2018, Oct. 24, P.L. 894, No. 146, § 3.

predicated were unknown" and (2) the facts "could not have been ascertained by the exercise of due diligence." 42 Pa.C.S. § 9545(b)(1)(ii).

This Court has stated that "the due diligence inquiry is fact-sensitive and dependent upon the circumstances presented." *Commonwealth v. Burton*, 121 A.3d 1063, 1070 (Pa. Super. 2015). Further, "due diligence requires neither perfect vigilance nor punctilious care, but rather it requires reasonable efforts by a petitioner, based on the particular circumstances, to uncover facts that may support a claim for collateral relief." *Id.* at 1071.

Moreover, Pennsylvania Rule of Criminal Procedure 905 provides the PCRA court with discretion to grant leave to amend or withdraw a petition at any time. *See* Pa.R.Crim.P. 905(A). Additionally, the rule indicates that "[a]mendment shall be freely allowed to achieve substantial justice." *Id.*

However, our Supreme Court has explained that

> it is clear from the rule's text that leave to amend must be sought and obtained, and hence, amendments are not "self-authorizing." *Commonwealth v. Porter*, 35 A.3d 4, 12 (Pa. 2012). Thus, for example, a petitioner may not "simply 'amend' a pending petition with a supplemental pleading." *Id.* Rather, Rule 905 "explicitly states that amendment is permitted only by direction or leave of the PCRA Court." *Id.* at 523–24, 35 A.3d at 12; *see also Williams*, 828 A.2d at 988 (indicating that the PCRA court retains discretion whether or not to grant a motion to amend a post-conviction petition). It follows that petitioners may not automatically "amend" their PCRA petitions via responsive pleadings.

*Commonwealth v. Baumhammers*, 92 A.3d 708, 730 (Pa. Super. 2014).

However, "when a petitioner files supplemental materials to a PCRA petition, and the PCRA court considers such materials, an attempt by the

Commonwealth to preclude consideration of such materials fails." ***Commonwealth v. J. Brown***, 141 A.3d 491, 503 (Pa. Super. 2016) (citing ***Commonwealth v. Boyd***, 835 A.2d 812, 816 (Pa. Super. 2003) (holding that "by permitting [the a]ppellant to file a supplement, and in considering the supplement, the PCRA court effectively allowed [the a]ppellant to amend his petition to include those issues presented in the supplement").

Initially, we note that the PCRA court accepted Appellant's amended petition by failing to strike the filing and considering the supplemental materials in its Rule 1925(b) opinion. ***See J. Brown***, 141 A.3d at 503; ***see also Boyd***, 835 A.2d 816. Therefore, we must consider not only Appellant's January 24, 2018 petition, but also the supplemental materials filed on June 29, 2018.

Here, there is no dispute that Appellant's conviction became final in 2002 and that his instant PCRA petition, filed in 2017, is facially untimely. It is also clear that Appellant attempted to raise the newly discovered fact exception in his PCRA petition. ***See*** PCRA Pet., 1/24/18, at 2. Specifically, Appellant asserted that a previously unknown witness, Cook, wrote a letter to his family on November 30, 2017. ***Id.*** Appellant indicated that Cook was an eyewitness to the shooting and Appellant was not present at the scene. ***Id.*** He further stated that Cook did not come forward with this information sooner "because of his previous lifestyle, but is coming forward now to correct a

wrong." *Id.* Appellant also filed his petition on January 24, 2018, within the

sixty-day deadline for a Section 9545(1)(ii)[7] claim in effect at the time.

> Instantly, the PCRA court addressed Appellant's newly discovered fact claim as follows:The after-discovered evidence is a purported witness statement given to [Appellant's] family "on or about November 30, 2017", which states that [Appellant] is innocent.
>
> The statement was purportedly provided by Naeem Cook, who claims he was a witness to the murder of [the victim] and claims [Appellant] was not present at the scene. The witness states he knew [the victim] passed away as a result of the incident, but he did not provide a statement to police because he "live[d] by a different set of rules"—"mind your business first and never snitch second." He further explains that he is only speaking now because he recently moved back to Frankford and ran into [Appellant's] brother, who revealed petitioner was serving time for the murder of [the victim]. The affidavit ends by explaining that because "all 3 suspects Key, Randi and Cece are deceased[,] the only innocent one should be released."
>
> The passing conversation described in Cook's affidavit does not indicate trustworthiness or reveal that [Appellant] has acted with diligence over the last fifteen years to discover this evidence. Additionally, this court finds the statement and the circumstances surrounding its procurement unreliable.
>
> Initially, the statement of Naeem Cook was not even attached to [Appellant's] PCRA petition; it was not until the statement was requested by the Commonwealth that it was actually provided. Moreover, the statement initially provided did not include a date, legible signature, or any information about the witness, such as his name, address, or date of birth, as is required by 42 Pa.C.S. § 9545(d)(1). Then on June 29, 2018—one month after the Commonwealth highlighted that required information about the witness was missing, and two weeks after this court issued a 907 Notice of Intent to Dismiss—[Appellant's] counsel filed an amended PCRA petition, which, for the first time, included a legible

---

[7] As noted above, the amendment to Section 9545(b)(2) applies to claims arising on or after December 24, 2017. Because Appellant's claim arose in November 2017, the extended deadline did not apply to his petition. *See* Act 2018, Oct. 24, P.L. 894, No. 146, § 3.

> version of the witness's November 2017 statement and a photocopy of a driver's license that purportedly belongs to the witness.[fn1]
>
> This court finds **this witness statement is inherently unreliable and does not qualify as after-discovered evidence; therefore, the petition is hereby dismissed for lack of jurisdiction.**
>
> > [fn1] Although the witness claims he now lives in Frankford, the driver's license that accompanies his statement is from Delaware and lists a Delaware address.

PCRA Ct. Op., 7/13/18, at 2-3 (unpaginated).

Based on our review, it appears that the PCRA court improperly dismissed Appellant's petition based on the merits of his underlying claim. *See G. Brown*, 111 A.3d at 179. Moreover, Appellant raised genuine issues of material fact regarding the timeliness of his instant PCRA petition. Cook's affidavit indicates that he was unwilling to come forward as a witness from the time of the shooting in 2003 until November 2017, when he wrote the letter to Appellant. Based on this assertion, it is possible that neither Appellant, nor trial counsel, knew of could have discovered Cook with the exercise of reasonable diligence.

Without a factual record developed by the PCRA court, we cannot conclude whether Appellant exercised due diligence in discovering that Cook was an eyewitness to the crime. Therefore, an evidentiary hearing is necessary for Appellant to prove that he was duly diligent in discovering Cook's statement, and that he filed his petition within sixty days of when the claims could have first been presented.

Accordingly, we vacate the PCRA court's order and remand the matter for an evidentiary hearing to determine whether Appellant acted with due diligence in discovering that Cook witnessed the shooting. Although the PCRA court previously denied Attorney Gamburg motion to withdraw, and because Appellant has challenged the effectiveness of Attorney Gamburg as PCRA counsel, the PCRA court shall consider whether Appellant is entitled to new counsel on remand.

Order vacated. Case remanded. Jurisdiction relinquished.


Judge Murray joins in the memorandum.

Judge Shogan notes dissent.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/7/19

- 13 -