J-S53029-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JEAN MARIE MACCRORY | |
| Appellant | No. 484 EDA 2019 |

Appeal from the Judgment of Sentence entered January 10, 2019
In the Court of Common Pleas of Delaware County
Criminal Division at No: CP-23-CR-0004781-2018

BEFORE: OLSON, J., STABILE, J., and NICHOLS, J.

MEMORANDUM BY STABILE, J.:        **FILED DECEMBER 24, 2019**

Appellant, Jean Marie MacCrory, appeals from the judgment of sentence the Court of Common Pleas of Delaware County imposed on January 10, 2019. Counsel has filed a brief and petition to withdraw pursuant to ***Anders. v. California***, 386 U.S. 738 (1967) and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). We grant counsel's petition to withdraw, and affirm Appellant's judgment of sentence.

The facts and procedural history of the case are undisputed.

> On May 16, 2018, [Appellant] was arrested by the Collingdale Police Department and charged with simple assault and terroristic threats after Robert Brennan alleged that [Appellant], his mother, attacked and threatened to stab him. She entered into a negotiated guilty plea agreement and, on January 10, 2019, was sentenced to one year probation on each count, the terms to run concurrently.

Trial Court Opinion, 4/16/19, at 1. This appeal followed.

On appeal, counsel filed an **Anders** brief challenging the discretionary aspects of Appellant's sentence. Specifically, Appellant argues the sentence was harsh and excessive.

Before we address the merits of the challenge, we must consider the adequacy of counsel's compliance with **Anders** and **Santiago**. Our Supreme Court requires counsel to do the following.

> Prior to withdrawing as counsel on a direct appeal under **Anders**, counsel must file a brief that meets the requirements established by our Supreme Court in **Santiago**. The brief must:
>
> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.
>
> Counsel also must provide a copy of the **Anders** brief to his client. Attending the brief must be a letter that advises the client of his right to: (1) retain new counsel to pursue the appeal; (2) proceed pro se on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the **Anders** brief.

**Commonwealth v. Orellana**, 86 A.3d 877, 879–80 (Pa. Super. 2014).

Upon review of the record, we conclude counsel has satisfied the requirements set forth in **Anders** and **Santiago**.

Having determined that the **Anders** and **Santiago** requirements are satisfied, it is incumbent upon this Court to "conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel." **Commonwealth v. Flowers**, 113 A.3d 1246, 1250 (Pa. Super. 2015) (citations and footnote omitted).

The issue raised on appeal, namely, excessiveness of her negotiated sentence, involves the discretionary aspects of Appellant's sentence. **See**, **e.g.**, **Commonwealth v. Ahmad**, 961 A.2d 884, 886 (Pa. Super. 2008). As such, Appellant does not enjoy an absolute right to appeal but must present a substantial question to this Court that her sentence violates a particular provision of the Sentencing Code or is contrary to the fundamental norms underlying the sentencing process. **Commonwealth v. Boyer**, 856 A.2d 149, 152 (Pa. Super. 2004).

It is well-established that where the plea agreement provides, as it does here, for specific penalties,[1] an appeal from a negotiated sentence will not stand. **See Commonwealth v. Dalberto**, 648 A.2d 16, 20 (Pa. Super. 1994); **see also Commonwealth v. Boyd,** 835 A.2d 812, 816 (Pa. Super. 2003) (upon entry of a negotiated plea, "a defendant generally waives all defects and defenses except those concerning the validity of the plea, the jurisdiction of the trial court, and the legality of the sentence imposed");

---

[1] **See** Trial Court Opinion, **supra**; **Anders**' Brief, at 4; Commonwealth's Brief, at 3; and N.T., 1/10/19.

***Commonwealth v. O'Malley,*** 957 A.2d 1265, 1267 (Pa. Super. 2008) ("One who pleads guilty and receives a negotiated sentence may not then seek discretionary review of that sentence."); ***Commonwealth v. Reid***, 117 A.3d 777, 784 (Pa. Super. 2015) ("This claim raises a challenge to the discretionary aspects of [a]ppellant's negotiated sentence, and is unreviewable. The trial court imposed the sentence [a]ppellant negotiated with the Commonwealth. Appellant may not now seek discretionary review of that negotiated sentence.").

In light of the foregoing, we conclude that the record supports counsel's assessment that Appellant's appeal is wholly frivolous. Moreover, our independent review of the entire record reveals no additional non-frivolous claims. Therefore, we grant counsel's petition to withdraw and affirm Appellant's January 10, 2019 judgment of sentence.

Petition to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/24/19

- 4 -