J-S31015-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANDRE HOLMAN | : | |
| | : | |
| Appellant | : | No. 2490 EDA 2021 |

Appeal from the PCRA Order Entered October 27, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0003694-2013

BEFORE: BOWES, J., NICHOLS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BOWES, J.:                        **FILED OCTOBER 06, 2022**

Andre Holman appeals from the October 27, 2021 order dismissing his petition for relief pursuant to the Post-Conviction Relief Act ("PCRA") as untimely. We affirm.

The factual and procedural history of this case was well-summarized by this Court in a prior memorandum, as follows:

> This case stems from the murder of taxi cab driver Sebastian Nunez-Suarez ("Nunez-Suarez") on the 4900 block of Bingham Street in Philadelphia, Pennsylvania [on the night of July 16, 2012. The [following is a summary of the] testimony of Jonathan Vasquez ("Vasquez"), who participated in the robbery of Nunez-Suarez[.]
>
> . . . . Vasquez stated that on the night of July 16, 2012, he was sitting on a friend's porch when Christopher Conway ("Conway") approached him with another person he had never seen before. [The person accompanying Conway was Appellant.] Vasquez

---

[*] Former Justice specially assigned to the Superior Court.

testified that he did not consider Conway a friend, but knew him from the neighborhood, and that Conway told him to put on a shirt and shoes [and] to come with them. Vasquez testified that he was told that they were going to rob a taxi driver. He stated that they went to [Fifth] Street and Luzerne, got inside a taxi cab, with Appellant sitting directly behind the driver, Vasquez in the middle[,] and Conway behind the passenger seat. Vasquez testified that Conway told the driver to go to D and Louden Street, which is near a park. At some point, the cab stopped, and Vasquez stated that Appellant said, "[G]ive me your money." Vasquez testified that the cab driver pulled out a machete, which he started swinging, and then Appellant shot the taxi driver.

. . . .

On September 26, 2012, the Homicide Fugitive Unit brought Appellant into the Homicide Division of the Philadelphia Police Department. After approximately four and [one-half] hours of questioning, Appellant signed a written statement in which he confessed to killing Nunez-Suarez.

*Commonwealth v. Holman*, 134 A.3d 488 (Pa.Super. 2015) (unpublished memorandum at 1) ("*Holman I*"). Appellant was charged with first-degree murder, robbery, conspiracy, and possessing an instrument of crime ("PIC").

Prior to trial, Appellant filed a motion to suppress his confession. Specifically, Appellant averred that his admissions to police were signed under duress after officers threatened to arrest his then-pregnant girlfriend, Denise Simmons, for harboring a fugitive. *See* N.T. Suppression Hearing, 3/4/14, at 5-7; 10. Philadelphia Police Detective John Harkins, who participated in Appellant's interrogation, testified that he and his fellow officers did not threaten Appellant. *Id*. at 34-35. Ultimately, the trial court denied Appellant's motion on its merits. *See* Order, 3/4/14. As noted above, Appellant's co-conspirator, Vasquez, identified Appellant as the shooter at multiple junctures

during Appellant's trial. *See* N.T. Trial II, 3/7/14, at 71-72, 76, 101-09. Vasquez also provided a statement to detectives implicating Appellant, which was entered into the record.[1] *Id.* at 87. Finally, the Commonwealth adduced Appellant's confession, which was read into the record. *Id*. at 185-87.

Since it is relevant to our disposition, we note that Appellant was interviewed by Detective Harkins and then-Detective Ronald Dove. Vasquez's police interview was conducted by Detective Harkins and Detective James Pitts.[2] Only Detective Harkins testified at Appellant's trial. *Id*. at 160-210. Prior to trial, it came to light that Mr. Dove had been fired from the Philadelphia Police Department for reasons not related to this case. The Commonwealth submitted a motion *in limine* to preclude mention of Mr. Dove's termination, which was granted by the trial court.

Ultimately, a jury found Appellant guilty of the aforementioned crimes. On March 11, 2014, the trial court sentenced Appellant to life imprisonment without the possibility of parole ("LWOP") as to the first-degree murder charge and concurrent terms of ten to twenty years of incarceration each as to the robbery and conspiracy convictions. No further penalty was imposed for his PIC conviction. Appellant filed a timely direct appeal arguing, *inter alia*, that

---

[1] Conway did not testify, or provide a statement, at Appellant's trial.

[2] We note that Detective James Pitts's employment status with the Philadelphia Police is unclear from the certified record. To avoid confusion, we refer to him as "Detective Pitts" throughout this writing on second mention.

- 3 -

his confession had been coerced by the interviewing detectives. On November 12, 2015, this Court affirmed his judgment of sentence and, *inter alia*, rejected his arguments concerning suppression. **Holman I**, *supra* at 5, 8. Appellant did not seek allowance of appeal in our Supreme Court.

On December 15, 2015, Appellant filed a timely *pro se* PCRA petition. Counsel was appointed and, subsequently, elected to file a no-merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). The PCRA court dismissed Appellant's petition and permitted counsel to withdraw. This Court affirmed and our Supreme Court denied allowance of appeal. **See Commonwealth v. Holman**, 181 A.3d 1283 (Pa.Super. 2017) (unpublished memorandum at 3), *appeal denied*, 194 A.3d 558 (Pa. 2018).

On December 14, 2018, Appellant filed a *pro se* PCRA petition, which is the subject of the instant appeal. In that petition, Appellant raised allegations of trial counsel's ineffectiveness.[3] Six months later, privately retained PCRA counsel entered his appearance. **See** Entry of Appearance, 5/29/19, at 1. Thereafter, an amended petition was filed without leave of court. **See** Amended PCRA Petition, 2/18/20, at ¶¶ 1-105. In this filing, Appellant alleged Detective Pitts and Mr. Dove "had a long-standing history, pattern, custom or practice of unlawfully coercing witnesses and suspects to sign false statements

---

[3] Appellant has abandoned any claims of ineffectiveness on appeal in this Court. Consequently, we will not address these issues further in this writing.

and confessions, . . . that the Commonwealth never disclosed to [Appellant] or his attorney." *Id*. at ¶ 16. Thus, Appellant averred the Commonwealth had suppressed evidence of this alleged misconduct in violation of ***Brady v. Maryland***, 373 U.S. 83 (1963).

In support of this claim, Appellant attached an undated affidavit from Conway attesting that he was coerced into giving a statement inculpating Appellant by "physical abuse" and threats that criminal charges would be filed against Conway's girlfriend. *Id*. at ¶ 18; ***see also id***. at Exhibit B (describing abuse and intimidation during interrogation by Detective Pitts and Mr. Dove). Appellant characterized this affidavit as "newly discovered evidence" for PCRA timeliness purposes. *Id*. at ¶¶ 35-37; ***see also*** 42 Pa.C.S. § 9545(b)(1)(ii).

Thereafter, Appellant submitted a supplemental PCRA petition that included a June 3, 2020 affidavit from Vasquez, wherein he recanted his statements to police and his testimony at Appellant's trial due to allegations of coercion.[4] ***See*** Supplemental PCRA Petition, 8/3/20, at Exhibit A (stating

---

[4] Appellant did not seek leave of the PCRA court prior to amending and supplementing his petition. ***Cf.*** Pa.R.Crim.P. 905(A); ***see also Commonwealth v. Baumhammers***, 92 A.3d 708, 730 (Pa. 2014) ("[L]eave to amend must be sought and obtained, and, hence, amendments are not 'self-authorizing.'"). Nonetheless, the record reflects that the PCRA court accepted these amendments and considered them in rendering its ruling. ***See*** PCRA Court Opinion, 3/16/22, at 1. Therefore, we will consider Appellant's petition as amended. ***See Commonwealth v. Boyd***, 835 A.2d 812, 816 (Pa.Super. 2003) ("[B]y permitting Appellant to file a supplement, and in considering the supplement, the PCRA court effectively allowed Appellant to amend his petition to include those issues presented in the supplement.").

Vasquez's confession was elicited by threatening behavior). Appellant averred this evidence, also, was newly discovered for timeliness purposes.

The Commonwealth filed a response asserting that Appellant's petition was untimely. On April 15, 2021, the PCRA court filed notice of its intent to dismiss Appellant's petition without a hearing pursuant to Pa.R.Crim.P. 907 on the basis of untimeliness. Appellant filed a number of responses largely reiterating his previous claims and presenting evidence of alleged police misconduct that took place in unrelated criminal cases. On October 27, 2021, the PCRA court entered an order dismissing Appellant's petition. Appellant filed a timely, *pro se* appeal.[5] The PCRA court did not direct Appellant to file a concise statement of errors pursuant to Pa.R.A.P. 1925(b), and he did not file one. The PCRA court submitted a Rule 1925(a) opinion explaining its reasoning in dismissing Appellant's serial PCRA petition. **See** PCRA Court Opinion, 3/15/22, at 1-12. The case is now ripe for disposition.

Appellant has raised the following issues for our consideration:

1.) Whether the PCRA court erred in denying Appellant's PCRA petition as untimely where Appellant's claims of newly-discovered facts which was within the timeliness exception under 42 Pa.C.S. § 9545[(b)(1)(ii)], gives support to establish a pattern, practice,

---

[5] PCRA counsel did not withdraw his entry of appearance in the PCRA court but has not filed anything on Appellant's behalf since an appeal was taken in this case. Appellant has not advanced any claims regarding ineffectiveness. As a second or subsequent PCRA petitioner, Appellant is not entitled to representation by counsel in pursuing the instant appeal. **See Commonwealth v. Vega**, 754 A.2d 714, 719 (Pa.Super. 2000) ("[A]lthough a first-time PCRA petitioner is entitled to appointment of counsel, there is no such entitlement on second or subsequent petitions." (cleaned up)).

and custom of coercion amongst the detectives involved in Appellant's case?

2.) Whether the PCRA court erred in denying Appellant's [PCRA] petition as untimely where Appellant showed a clear violation of **Brady** by the Commonwealth withholding and inadvertently suppressing of exculpatory evidence?

3.) Whether the PCRA court erred in denying Appellant's petition as untimely and meritless where Appellant's newly-discovered evidence of recantation was within the time exception of the plain language of 42 Pa.C.S. § 9543(a)(2)(vi), and also supported by the newly discovered facts presented?

4.) Did the PCRA court err in denying Appellant's PCRA petition as meritless where Appellant presented a valid claim of a constitutional violation under [Article I, § 8 of the Pennsylvania Constitution and the Fourth Amendment to] the United States Constitution?

Appellant's brief at vi (cleaned up; issues reordered for ease of disposition).

In the instant matter, "[t]his Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error." **Commonwealth v. Diaz**, 183 A.3d 417, 421 (Pa.Super. 2018). However, we must assess the timeliness of this PCRA petition prior to addressing its merits. **See Commonwealth v. Lawson**, 90 A.3d 1, 4 (Pa.Super. 2014) ("The timeliness of a PCRA petition is a jurisdictional threshold and may not be disregarded in order to reach the merits of the claims raised in a PCRA petition that is untimely.").

It is well-established that a PCRA petition, including a second or subsequent petition, must be filed within one year of the date that the petitioner's judgment becomes final. **See** 42 Pa.C.S. § 9545(b)(1). A

judgment becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

Appellant's judgment of sentence became final on December 14, 2015, when his time to request review in our Supreme Court expired.[6] The instant petition filed on December 14, 2018, was, therefore, untimely by exactly two years. Notwithstanding such untimeliness, a petitioner can establish the jurisdiction of the PCRA court by pleading and proving one of the three exceptions to the time bar. *See* 42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any PCRA submission invoking one of these exceptions was required to be filed "within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2). Appellant has invoked the second such exception, which requires a PCRA petitioner to allege and prove that "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]" 42 Pa.C.S. § 9545(b)(1)(ii).

Our Supreme Court has provided the following guidance on assessing the applicability of this particular statutory provision:

---

[6] Appellant's time in which to appeal to our Supreme Court expired on Saturday, December 12, 2015. Pursuant to 1 Pa.C.S. § 1908, whenever the "last day" of "any period of time referred to in any statute" falls on a weekend, "such date shall be omitted from the computation." Thus, Appellant's time to appeal was extended to the following Monday, December 14, 2015.

- 8 -

[T]he exception set forth in subsection (b)(1)(ii) does not require any merits analysis of the underlying claim. Rather, "the exception merely requires that the 'facts' upon which such a claim is predicated must not have been known to appellant, nor could they have been ascertained by due diligence." ***Commonwealth v. Lambert***, 884 A.2d 848, 852 (Pa. 2005). Therefore, our opinion in ***Lambert*** indicated that the plain language of subsection (b)(1)(ii) is not so narrow as to limit itself to only claims involving "after-discovered evidence." Rather, subsection (b)(1)(ii) has two components, which must be alleged and proved. Namely, the petitioner must establish that: (1) "the **facts** upon which the claim was predicated were **unknown**," and (2) "could not have been ascertained by the exercise of **due diligence**." 42 Pa.C.S. § 9545(b)(1)(ii). If the petitioner alleges and proves these two components, then the PCRA court has jurisdiction over the claim under this subsection.

***Commonwealth v. Bennett***, 930 A.2d 1264, 1271–72 (Pa. 2007) (cleaned up; emphases in original). In this context, "due diligence" means the petitioner must take reasonable steps to protect his own interests and explain why he could not have learned the new facts earlier. ***Commonwealth v. Hart***, 199 A.3d 475, 481 (Pa.Super. 2018).

The newly-discovered facts relied upon by Appellant consists of the recantations of Vasquez and Conway, "in which both have brought forth claims of coercion by the detectives involved in questioning them[.]" Appellant's brief at ix. Appellant asserts that "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]" Appellant's brief at 4-9. The PCRA court concluded Appellant did not establish that he acted with the requisite due diligence. ***See*** PCRA Court Opinion, 3/15/22, at 8. We agree.

Aside from baldly arguing that due diligence could not have led to the discovery of recantation testimony from Vasquez and Conway, Appellant's actual arguments are thin. *See* Amended PCRA Petition, 2/18/20, at ¶ 81 ("[T]he new facts were discovered after [Appellant's] trial and could not have been obtained at or prior to trial through reasonable diligence. Much of this has become only very recently known to [Appellant] and primarily through [c]ounsel."); Response to Commonwealth's Motion to Dismiss, 2/9/21, at 10 (same). These self-serving averments are insufficient to meet Appellant's burden to establish that the information he relies upon could not have been ascertained sooner by the exercise of due diligence. *See Commonwealth v. Brensinger*, 218 A.3d 440, 449 (Pa.Super. 2019) ("The due diligence inquiry is fact-sensitive and dependent upon the circumstances presented. A petitioner must explain why he could not have obtained the new fact(s) earlier with the exercise of due diligence." (cleaned up)).

As discussed above, the record reveals that Appellant was fully aware of the abuse allegations against Mr. Dove since he sought suppression of his statements to police on such a basis prior to trial. To the extent that Appellant is attempting to relitigate the suppression motion denied during his trial, he cannot proffer old information via a new source in order to gain the benefit of § 9545(b)(1)(ii). *See Commonwealth v. Brown*, 111 A.3d 171, 176 (Pa.Super. 2015) ("[T]he focus of this exception is on the newly discovered facts, not on a newly discovered or newly willing source for previously known

facts."). Furthermore, Appellant was also aware that Mr. Dove had been terminated from his employment with the Philadelphia Police Department in connection with separate misconduct allegations. These events undercut Appellant's claims that he was completely unaware of a pattern of abuse perpetrated by members of the Philadelphia Police Department who were involved in his case. The PCRA court did not credit Appellant's allegations on this basis. *See* PCRA Court Opinion, 3/15/22, at 8 (concluding the allegedly "news" adduced by Appellant were already known to him).

Critically, Appellant has also failed to state when he claims to have learned this allegedly new information. Furthermore, there is no discussion of what efforts he made to contact Vasquez and Conway in order to obtain supporting affidavits. Thus, we can only speculate as to what actions Appellant took during the three years of inactivity prior to the filing of the instant PCRA petition. Moreover, this lack of explanation and dates have hamstrung Appellant's ability to demonstrate compliance with 42 Pa.C.S. § 9545(b)(2) (providing that any timeliness exception must be raised "within one year of the date the claim could have been presented"). Based on the foregoing, we find that Appellant has failed to establish that he acted with due diligence. *See Brown*, *supra* at 178 (holding criminal defendant failed to establish he acted with due diligence where he declined to explain what efforts he had undertaken between his trial and the filing of his PCRA petition).

Based on the foregoing, we discern no error of law or abuse of discretion in the holding of the PCRA court that Appellant's petition was untimely. Since we lack jurisdiction over untimely PCRA petitions, we do not reach the merits of Appellant's claims for relief.

Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

Date: <u>10/6/2022</u>