J-S43006-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JESSE D. BOND | : | |
| | : | |
| Appellant | : | No. 939 EDA 2022 |

Appeal from the PCRA Order Entered February 22, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-2217781-1992

BEFORE: DUBOW, J., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY DUBOW, J.: **FILED JANUARY 11, 2023**

Appellant, Jesse D. Bond, appeals *pro se* from the February 22, 2022 order entered in the Philadelphia County Court of Common Pleas dismissing his petition for *habeas corpus* relief, which the PCRA court treated as a petition for post-conviction relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46, and dismissed as untimely. After careful review, we affirm.

The relevant facts and procedural history are as follows. On February 8, 1993, a jury convicted Appellant of first-degree murder, robbery, possession of an instrument of crime, and conspiracy. Following a penalty hearing, the jury returned a sentence of death. On July 28, 1992, the trial court entered Appellant's sentence. On January 12, 1995, the Pennsylvania Supreme Court affirmed Appellant's judgment of sentence, holding that Appellant's conviction was supported by sufficient evidence. ***See***

*Commonwealth v. Bond*, 652 A.2d 308 (Pa. 1995). Appellant did not seek further review. His sentence, thus, became final on April 12, 1995. *See* 42 Pa.C.S. § 9545(b)(3); U.S. S. Ct. R. 13.

In 2002, Appellant sought federal *habeas* relief. Six years later, the United States Court of Appeals for the Third Circuit vacated Appellant's judgment of sentence and remanded for resentencing after finding that Appellant's penalty-phase counsel had rendered ineffective assistance.[1] *See Bond v. Beard*, 539 F.3d 256 (3rd Cir. 2008 (Opinion filed August 20, 2008, Amended Opinion filed October 17, 2008). On November 15, 2012, the trial court resentenced Appellant to two concurrent terms of life without parole for his murder conviction.[2]

After his resentencing, Appellant filed numerous petitions and amended petitions for PCRA relief, none of which garnered relief. On March 12, 2020, Appellant filed a "Petition for *Habeas Corpus* Relief [] and Statutory Post-Conviction Relief []."[3] On May 4, 2021, Appellant filed a "Supplemental Amended Petition for *Habeas Corpus* Relief and Statutory Post-Conviction

---

[1] The federal court did not overturn Appellant's guilty verdict.

[2] The court also sentenced Appellant to concurrent terms of incarceration of ten to twenty years for robbery, two and one-half to five years for possession of an instrument of crime, and five to ten years for conspiracy.

[3] Appellant raised claims of "newly discovered evidence of police corruption and police and prosecutorial misconduct and violation of *Brady*[ *v. Maryland*, 373 U.S. 83 (1963)], actual innocence, newly discovered evidence of actual innocence . . . , and fraud upon the court by [the Commonwealth]." Petition, 3/12/20, at 2.

Relief [] and Motion to Dismiss for Lack of Subject Matter Jurisdiction" asserting, relevant to the instant appeal, a claim that the trial court lacked subject matter jurisdiction through all stages of the proceeding because the Commonwealth failed to file a criminal information stating the charges against Appellant.[4]

On January 11, 2022, the PCRA court notified Appellant of its intent to dismiss his petition without a hearing pursuant to Pa.R.Crim.P. 907 as untimely.[5]

On February 22, 2022, the PCRA court dismissed Appellant's petition. This appeal followed.

Appellant raises the following issue in his *pro se* appeal:

Does the fact that the Commonwealth failed to prepare and present the charging document termed "information" to the court prior to Appellant's trial deny the trial court [of] subject matter jurisdiction where Rules of Criminal Procedure dictate that it was

---

[4] *See* Supplemental Amended Petition, 5/4/21, at 3.

[5] The certified record does not show that Appellant sought leave of court to file a supplemental amended petition pursuant to Pa.R.Crim.P. 905. In general, if an appellant fails to seek leave of court, any claim raised in an unauthorized supplemental petition is waived. *See Commonwealth v. Reid*, 99 A.3d 427, 437 (Pa. 2014). Nevertheless, the PCRA court implicitly permitted Appellant to amend his March 2020 "Petition for *Habeas Corpus* Relief [] and Statutory Post-Conviction Relief []" by considering the timeliness of the issues contained within Appellant's May 4, 2021 "Supplemental Amended "Petition for *Habeas Corpus* Relief [] and Statutory Post-Conviction Relief []." *See Commonwealth v. Boyd*, 835 A.2d 812, 816 (Pa. Super. 2003) (finding that where the PCRA court does not strike an amended PCRA petition filed without leave of court and addresses the issues raised in the amended petition, the PCRA court implicitly permitted amendment pursuant to Rule 905(a)).

a must for an attorney for the Commonwealth to do so, as well as it is mandated in 22 Corpus Secundum, "Criminal Law," § 324 p. 390, that the want of a sufficient information goes to the jurisdiction of the court and renders all proceedings prior to its filing void *ab initio*?

Appellant's Amended Brief at ix.[6]

Appellant asserts that the trial court lacked subject matter jurisdiction to render judgment against him because the Commonwealth failed to prepare and present a charging document to the court. *Id.* at 1-5.

_____

[6] Appellant filed an amended brief with leave of this Court. Appellant also filed a reply brief arguing that he timely raised his subject matter jurisdiction claim because "such a claim is viable under both [the PCRA and in a petition for *habeas corpus* relief] and at any time." Reply Brief at 4 (emphasis omitted). However, Appellant did not include his subject matter jurisdiction claim in the Statement of Questions Involved in his amended brief, nor is it fairly suggested thereby. *See* Pa.R.A.P. 2116 ("No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby."). Thus, Appellant did not preserve it for our review.

Moreover, even if Appellant had properly preserved a claim that the trial court erred in determining that Appellant's challenge to the trial court's subject matter jurisdiction is cognizable under the PCRA, it would fail because the PCRA expressly encompasses jurisdictional challenges. *See* 42 Pa.C.S. § 9542 (providing that the PCRA "shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exists when this subchapter takes effect, including *habeas corpus* and *coram nobis*"); *id.* at § 9543(a)(2)(viii) (stating that to be eligible for relief under the PCRA, the petition must plead and prove that the conviction resulted from, *inter alia*, "[a] proceeding in a tribunal without jurisdiction"). As our Supreme Court has explained, "the General Assembly intended that claims that **could** be brought under the PCRA **must** be brought under that Act. No other statutory or common law remedy 'for the same purpose' is intended to be available; instead, such remedies are explicitly 'encompassed' within the PCRA." *Commonwealth v. Hall*, 771 A.2d 1232, 1235 (Pa. 2001) (emphasis in original). Because Appellant's subject matter jurisdiction claim is cognizable under the PCRA, the trial court properly treated Appellant's subject matter jurisdiction claim within the context of the PCRA.

As an initial matter, all PCRA petitions, including second and subsequent petitions, must be filed within one year of when a defendant's judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking the review." 42 Pa.C.S. § 9545(b)(3). The timeliness of a petition for collateral relief is jurisdictional. *See Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007). If a PCRA petition is untimely, a court lacks jurisdiction over the petition. *Commonwealth v. Callahan*, 101 A.3d 118, 120-121 (Pa. Super. 2014) (courts do not have jurisdiction over an untimely PCRA).

Here, the trial court sentenced Appellant on July 28, 1993. Our Supreme Court affirmed Appellant's judgment of sentence on January 12, 1995. Because Appellant did not seek review with the United States Supreme Court, his judgment of sentence became final 90 days later, on April 12, 1995.[7] Appellant had one year from that date, or until April 12, 1996, to file a timely PCRA petition. Therefore, Appellant's supplemental amended petition, filed

_____

[7] Although the United States Court of Appeals for the Third Circuit granted appellant federal *habeas corpus* relief in the form of a new penalty hearing, that relief did not "reset the clock" for finality of appellant's judgment of sentence when exercising post-conviction rights. *See Commonwealth v. McKeever*, 947 A.2d 782, 785 (Pa. Super. 2008) (reiterating that a successful collateral appeal does not "reset the clock" for calculation of the final judgment of sentence where such relief only affects the petitioner's sentence and neither restores the petitioner's direct appeal rights nor disturbs petitioner's conviction).

on May 4, 2021, is facially untimely.[8] As a result, the PCRA court lacked jurisdiction to review Appellant's supplemental amended petition, unless Appellant alleged and proved one of the statutory exceptions to the time-bar, as set forth in 42 Pa.C.S. § 9545(b)(1).

Those three narrow exceptions to the one-year time-bar are: when the government has interfered with the petitioner's ability to present the claim, when the petitioner has recently discovered facts upon which his PCRA claim is predicated, or when either the Supreme Court of Pennsylvania or the Supreme Court of the United States has recognized a new constitutional right and made that right retroactive. 42 Pa.C.S. § 9545(b)(1)(i-iii); **see also Commonwealth v. Brandon**, 51 A.3d 231, 233-234 (Pa. Super. 2012). The petitioner bears the burden of pleading and proving the applicability of any exception. 42 Pa.C.S. § 9545(b)(1). If a petitioner fails to invoke a valid exception to the PCRA time-bar, this court may not review the petition. **See** 42 Pa.C.S. § 9545(b)(1)(i-iii).

Our review of Appellant's supplemental amended petition and his Brief to this Court indicates that Appellant made no attempt to overcome the PCRA's jurisdictional time-bar to his subject matter jurisdiction claim by pleading the applicability of any of the exceptions provided in Section 9545(b)(1). Accordingly, the PCRA court lacked jurisdiction to review Appellant's

---

[8] We note that Appellant did not raise any claims of error in this appeal with respect to the issues raised in his likewise patently untimely, March 12, 2020 petition. Thus, we need not consider here whether Appellant overcame the PCRA's jurisdictional time-bars as to any of those issues.

supplemental amended petition, and we may not review it on appeal. We, thus, affirm the order dismissing Appellant's petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/11/2023